**Jerry GIVENS & Shala Givens,**
**Plaintiffs–Appellants,**

v.

**HIGHLAND DIVERSIFIED, INC.,**
**Defendant–Respondent.**

**No. 62300.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

March 16, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1993.

Patrick N. McHugh, St. Louis, for plaintiffs-appellants.

Wuestling, James & DeVoto, Robert L. DeVoto, St. Louis, for defendant-respondent.

KAROHL, Chief Judge.

Plaintiffs, Jerry and Shala Givens, appeal after the court sustained defendant Highland Diversified, Inc.'s, Motion to Dismiss plaintiffs' amended petition. We reverse and remand.

A petition for personal injuries was originally filed on May 20, 1988, against Hillsboro Plaza, Inc. and Daniel and Joyce Queen. Plaintiffs alleged Hillsboro Plaza, Inc., owned property and the Queens were proprietors of Queens Market. They asserted these defendants were negligent in maintaining an unsafe condition on a loading dock which caused plaintiff Jerry Givens' injuries after a fall on the dock, on May 24, 1983. Defendants answered by denying proprietorship of the market. The court approved the settlement made pursuant to § 537.060 RSMo 1986 between plaintiffs and defendant Hillsboro Plaza. Inc.

On April 3, 1991, the court sustained Plaintiffs' Motion for Leave to Substitute Parties. The order granted leave to substitute the corporation, Highland Diversified, Inc., for the Queens, individually. The Queens jointly own 100% of the stock of Highland Diversified, Inc. On the same day, plaintiffs filed an amended petition which was the same as the original except for the substitution and an allegation that Highland Diversified, Inc., was the owner and operator of the market. Between April 3, 1991, and June 1, 1992, plaintiffs made no effort to obtain service of the amended petition on Highland Diversified, Inc.

On June 1, 1992 Highland Diversified, Inc., appeared specially by Motion to Dismiss. The motion alleged the cause of action accrued on May 24, 1983; Highland Diversified, Inc. was made a party on April 3, 1991, as a "Substituted" party defendant; that "said defendant ever (sic) been served with process"; and, "there is no defendant before this Honorable Court." Highland prayed dismissal for failure to prosecute. The prayer was implicated by the elements of delay and the absence of service.

On June 3, 1992, plaintiffs refiled the First Amended Petition and requested service of process. Also, on June 3, 1992, process was issued to the sheriff. Defendant Highland was served on June 10, 1992.

On June 17, 1992, defendant Highland Diversified, Inc., filed a Motion to Dismiss on the basis of a five year statute of limitations. See, § 516.120 RSMo 1986. On June 18, 1992, defendant Highland Diversified, Inc., withdrew its motion based on the statute of limitations. On the same day, the court entered the following order: "Defendants' motion to dismiss pursuant to special appearance presented, heard & sustained." Accordingly, the dismissal was expressly on the basis of the motion filed on June 1, 1992, which alleged defendant Highland Diversified, Inc. was not before the court because there had been no service of process of the amended petition upon "substituted" defendant Highland Diversified, Inc.

■ On appeal, defendant contends plaintiffs' claim is barred by the statute of limitations pursuant to § 516.120 RSMo 1986. This point fails because it was not

properly before the court. Defendant withdrew its motion on June 18, before the court ruled on the motion which in part relied on the allegation that Highland Diversified, Inc. was not before the court. The statute is an affirmative defense which must be pled and presented to the trial court. Rule 84.13(a). Accordingly, we cannot address this point.

 The remaining question is whether the court abused its discretion in dismissing the petition on motion which asserted defendant Highland Diversified, Inc., was not before the court and the failure to secure service on Highland Diversified, Inc. We will support a decision of the trial court to dismiss unless there is an abuse of discretion or an erroneous declaration or application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

At the time of the dismissal, Highland Diversified, Inc. was before the court by service of process and by its motion asserting a legal defense which the court did not reach and did not decide. Clearly, there was a delay between April 1991 and June 1992 in obtaining service of process on the substituted defendant. Rule 67.02 authorizes a motion to dismiss for failure to prosecute and courts have inherent authority, in the exercise of sound judicial discretion, to dismiss on this ground. *Shirrell v. Missouri Edison Company*, 535 S.W.2d 446, 448 (Mo. banc 1976). However, the law favors disposition of a case on the merits when possible. *Horobec v. Mueller*, 628 S.W.2d 942, 944 (Mo.App. 1982).

In the present case discovery had been completed. On April 13, 1992, the court set the case for trial on July 21, 1992. The grant of a setting suggests, at the least, some confusion as to the status of Highland Diversified, Inc., during the delay. It also suggests the court and plaintiff were proceeding on the basis that service on Highland Diversified, Inc. was unnecessary. Additionally, the motion to dismiss does not allege and the facts contained in the present record do not support, a finding of prejudice as a result of any delay. This is especially true where the same attorney represented Highland Diversified, Inc., and the original defendants who owned all the stock in the corporation. The distinguishing fact in this case is the status of Highland Diversified as a "Substituted defendant" was not clear during the period. It was first clarified when Highland Diversified, Inc. filed the motion on June 1, 1992. We conclude the record does not support a dismissal for failure to prosecute. In addition, there was a defendant before the court on the date the case was dismissed. Therefore, the court abused its discretion in dismissing the case.

We reverse and remand.

CRANDALL, P.J., and PUDLOWSKI, J., concur.