[No. B077734. Second Dist., Div. Three. Aug. 7, 1995.]

HARRY FRANK SCOLINOS, Plaintiff and Appellant, v.
RAYMOND G. KOLTS et al., Defendants and Respondents.

**COUNSEL**

Scolinos & Sheldon and Daniel G. Sheldon for Plaintiff and Appellant.

Raymond G. Kolts, in pro. per., Kolts & Nawa and Lynn M. Johnson for Defendants and Respondents.

## OPINION

**KLEIN, P. J.**—Plaintiff and appellant Harry Frank Scolinos (Scolinos) appeals a judgment following a grant of summary judgment in favor of defendants and respondents Raymond G. Kolts, Kathleen Landgraf Kolts and Kolts & Nawa, attorneys at law (collectively, defendants).

Because it is uncontroverted there was a failure by the parties to comply with the ethical rules pertaining to fee-splitting agreements, Scolinos is barred from recovering against defendants for the alleged referral. The judgment therefore is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

Joan Howard (Howard), who is not a party to this appeal, allegedly was referred by Attorney Scolinos to defendants, who represented her in a wrongful termination action against her former employer. Defendants obtained a $390,000 settlement for Howard and received over $90,000 in attorney fees. Scolinos then brought this breach of contract action against defendants to recover a referral fee.

The operative first amended complaint alleged that in May 1988, Scolinos and defendants entered into an oral agreement whereby Scolinos agreed to refer Howard to defendants' law offices and defendants agreed to pay Scolinos a referral fee in the amount of 33⅓ percent of any attorney fees received by defendants in Howard's case. In May 1990, defendants breached the oral agreement by settling Howard's case and not paying Scolinos the agreed upon referral fee.

Defendants answered, denying the allegations and asserting various affirmative defenses.

On June 8, 1993, defendants filed a motion for summary judgment, arguing a contract for a referral fee without disclosure and written consent of the client is void as contrary to public policy. According to their separate statement of undisputed material facts, no disclosure of the referral fee agreement was ever made to Howard and she never agreed, either orally or in writing, to the payment of a referral fee to Scolinos.

Scolinos opposed summary judgment on the grounds defendants orally had promised to inform Howard of the referral fee agreement and to obtain her written consent.

Defendants' reply papers argued Scolinos's papers had raised a contractual term which had not been alleged in the complaint and therefore the term could not be considered by the trial court as an issue in dispute.

At the hearing, Scolinos argued if in fact the contract were void or illegal, it would only be void or illegal because of defendants' failure to do what they had agreed to do, namely, to obtain Howard's written consent. "And they now come in here with dirty hands and say, 'wait a minute, we didn't do what we promised to do and therefore the contract is void or illegal and therefore we don't want to pay the amount that we agreed to pay.'"

Defense counsel responded said argument was "purely an afterthought when faced with the obvious illegality of this contract. It's not a pleaded matter, . . . and it is not a basis for denial of summary judgment."

The trial court observed "[o]bviously the position of the plaintiff puts them basically between a rock and a hard place. . . . [A]nd maybe in the future there will be no referrals to this firm because in the eyes of the plaintiff 'I can't trust these people because they didn't do what I thought they were going to do.' [¶] But the bottom line has to be, and the court has to look at this contract, is as to whether or not it's in violation of public policy."

The trial court then granted summary judgment for defendants, ruling the alleged referral agreement was without disclosure and without the written consent of the client, and therefore was void as against public policy.

Scolinos filed a timely appeal.

## CONTENTIONS

Scolinos contends the attorney referral fee agreement entered into by the parties is not void as against public policy, and the agreement falls squarely within an exception to the general rule of unenforceability of illegal contracts.

## DISCUSSION

1. *Standard of appellate review.*

Our review of the summary judgment motion requires we apply the same three-step process required of the trial court. (*AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064 [225 Cal.Rptr.

203].) "First, we identify *the issues framed by the pleadings since it is these allegations to which the motion must respond by establishing a complete defense or otherwise showing there is no factual basis for relief on any theory reasonably contemplated by the opponent's pleading.* [Citations.] [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. [Citations.] . . . [¶] [T]he third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue. [Citation.]" (*Id.*, at pp. 1064-1065, italics added; accord, *Todd* v. *Dow* (1993) 19 Cal.App.4th 253, 258 [23 Cal.Rptr.2d 490].)

Our review is guided by the foregoing principles.

2. *Noncompliance with rule 2-108 of the Rules of Professional Conduct of the State Bar of California (Rules) renders alleged agreement unenforceable.*

By way of background, the Rules are adopted "by the Board of Governors of the State Bar of California and approved by the Supreme Court of California pursuant to Business and Professions Code sections 6076 and 6077 to protect the public and to promote respect and confidence in the legal profession. These rules . . . [are] binding upon all members of the State Bar. [¶] For a willful breach of any of these rules, the Board of Governors has the power to discipline members as provided by law." (Rule 1-100(A).)

At the relevant time in 1988, rule 2-108 of the Rules stated in pertinent part: "(A) A member of the State Bar shall not divide a fee for legal services with another person licensed to practice law who is not a partner or associate in the member's law firm or law office, unless: [¶] (1) *The client consents in writing to employment of the other person licensed to practice law after a full disclosure has been made in writing that a division of fees will be made and the terms of such division*; and [¶] (2) The total fee charged by all persons licensed to practice law is not increased solely by reason of the provision for division of fees and does not exceed reasonable compensation for all services they render to the client." (Italics added; see now rule 2-200.)

Rule 2-108 thus prohibits fee-splitting unless, inter alia, the client consents in writing after a full disclosure has been made in writing that a division of fees will be made and the terms of such division.

*Kallen* v. *Delug* (1984) 157 Cal.App.3d 940 [203 Cal.Rptr. 879], which similarly involved an attempt to recover on a fee-splitting agreement, stated: "*It is clearly contrary to the public policy of this state to condone a violation*

*of the ethical duties which an attorney owes to his client.* [Citation.] In recognition of this premise, '[c]ontracts which violate the canons of professional ethics of an attorney may for that reason be void.' [Citation.]" (*Id.*, at p. 951, italics added.) In *Kallen*, the prior attorney had refused to execute a substitution of attorney form or to transmit the client's files until the new attorney consented to a fee-splitting agreement. (*Id.*, at pp. 945-946.)

We agree with *Kallen*'s rationale for invalidating the agreement. It would be absurd if an attorney were allowed to enforce an unethical fee agreement through court action, even though the attorney potentially is subject to professional discipline for entering into the agreement.

In the instant case, because it is uncontroverted there was no compliance with rule 2-108, the trial court properly held the alleged referral fee agreement is unenforceable on public policy grounds.

In a last ditch argument, Scolinos urges the instant agreement falls within an exception to the general rule of unenforceability in that defendants agreed to obtain Howard's written consent, and therefore Scolinos is not equally culpable for violating rule 2-108. However, as discussed below, Scolinos failed to plead defendants had promised to procure Howard's consent. Accordingly, that belated claim by Scolinos properly was rejected by the trial court.

### 3. *Due to Scolinos's failure to plead defendants promised to obtain Howard's written consent, no triable issue exists in that regard.*

A contract should be pleaded either in *haec verba* or according to its legal intendment and effect. (*Wheeler* v. *West* (1886) 71 Cal. 126, 128 [11 P. 871]; *Staples* v. *Arthur Murray, Inc.* (1967) 253 Cal.App.2d 507, 513 [61 Cal.Rptr. 103]; 49 Cal.Jur.3d, Pleading, § 43, p. 402.) An oral contract may be pleaded generally as to its effect, because it is rarely possible to allege the exact words. (*Khoury* v. *Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 616 [17 Cal.Rptr.2d 708].)

Here, Scolinos merely alleged defendants agreed to pay him a referral fee in the amount of 33⅓ percent of any attorney fees received by defendants in Howard's case. The complaint lacked the additional averment that defendants promised to inform Howard of the referral fee agreement and to obtain her written consent. That alleged essential term of the agreement first appeared in Scolinos's opposition to the summary judgment motion.

On a motion for summary judgment, the issues are framed by the pleadings since it is those allegations to which the motion must respond. (*AARTS*

*Productions, Inc.* v. *Crocker National Bank, supra,* 179 Cal.App.3d at p. 1064.) Because Scolinos failed to allege defendants had promised to disclose the referral fee agreement to Howard and to procure her written consent, defendants were not required to meet that issue to be entitled to summary judgment on the breach of contract claim.

### DISPOSITION

The judgment is affirmed. Respondents to recover their costs on appeal.

Croskey, J., and Aldrich, J., concurred.

A petition for a rehearing was denied August 24, 1995, and appellant's petition for review by the Supreme Court was denied November 15, 1995.