AVANTI PETROLEUM, INC., et al., Plaintiffs–Respondents,

v.

ST. LOUIS COUNTY, Missouri, and Buzz Westfall, County Executive, Defendants–Appellants.

AVANTI PETROLEUM, INC., et al., Plaintiffs–Respondents, Cross–Appellants,

v.

ST. LOUIS COUNTY, Missouri, and Buzz Westfall, County Executive, Defendants–Appellants. Cross–Respondents.

Nos. 72783, 72840.

Missouri Court of Appeals, Eastern District, Division Three.

April 14, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 4, 1998.

Application to Transfer Denied Sept. 22, 1998.

John A. Ross, County Counselor, Patricia Redington, Associate County Counselor, Clayton, for St. Louis County Missouri & Buzz Westfall.

Greensfelder, Hemker & Gale, P.C., Richard R. Hardcastle, III, Dawn Morville Johnson, St. Louis, for Avanti Petroleum.

KAROHL, Judge.

Plaintiffs, Avanti Petroleum Inc., and other retail tobacco vendors, (Vendors) and defendant St. Louis County (County) cross-appeal judgments on cross-motions for summary judgment. Vendors filed a petition for declaratory judgment as a constitutional and statutory challenge to St. Louis County Ordinance No. 17,981 (the Ordinance).

The issues on appeal are: (1) whether County can enact and enforce the Ordinance against Vendors in incorporated areas of St. Louis County as a health ordinance; (2) whether the license fee provisions in the Ordinance violate the Hancock Amendment; (3) whether license provisions in the Ordinance are severable; and, (4) whether Vendors are entitled to attorneys' fees and costs. We affirm in part and reverse and remand in part.

The Ordinance regulates sales of tobacco products. On April 4, 1996, County adopted the Ordinance as an amendment to Chapter 602 of Title VI entitled "Public Health." The Ordinance declares its provisions apply throughout St. Louis County except within cities having both a population of seventy-five thousand or more and organized health departments. Section 602.350 SLCRO 1974. The basic facts are undisputed. We review the declaratory summary judgment *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

Vendors are all tobacco retailers located in various incorporated municipalities of St. Louis County. The Ordinance prohibits retail sales of any tobacco products unless the vendor is licensed by the St. Louis County Department of Health (the Department). Section 602.361 SLCRO 1974. The Ordinance also prohibits vendors from selling tobacco to minors under eighteen years of age. Section 602.300 SLCRO 1974. To enforce the prohibition on sales to minors, the Department conducts a minimum of two random, unannounced compliance checks per year. Section 602.369 SLCRO 1974. The Ordinance establishes annual license fees to offset enforcement costs. It requires vendors pay $125 for retail establishments, $25 for each vending machine and $15 for retail establishments with gross receipts of $50,000 or less and the tobacco is inaccessible without employee assistance. Section 602.361 SLCRO 1974.

The trial court upheld the Ordinance as a valid health measure authorized by Article IV, Section 37 of the Constitution of Missouri and section 192.300 RSMo 1994. However, it invalidated the requirements of a license and a license fee. It found the Ordinance imposed a "tax, license, or fee" within the meaning of the Hancock Amendment, Article X, Section 22(a) of the Missouri Constitution, which requires an affirmative vote of the qualified voters of St. Louis County. No vote was had prior to the enactment of the Ordinance. Accordingly, the trial court severed and struck down provisions in the Ordinance it found offensive. Finally, the trial court held each party must bear their own

attorneys' fees and costs. Both Vendors and County appeal.

■ The first issue is whether County can enforce the Ordinance against Vendors in incorporated areas of St. Louis County as a health ordinance. Vendors argue the Ordinance is not a valid health measure because there is: (1) no direct causal link between the Ordinance and the prevention of disease; (2) no reasonable relationship to public health; and, (3) no showing the Ordinance sought to achieve a public health purpose. Consequently, it contends County lacks authority to enforce the Ordinance against vendors conducting business within incorporated areas of St. Louis County.

Section 192.300 RSMo 1994, authorizes ordinances "[tending] to enhance the public health and prevent the entrance of infectious, contagious, communicable or dangerous diseases into such county." It also authorizes reasonable fees to pay costs incurred in carrying out such ordinances, conditioned upon a requirement that all fees collected be used to support the public health activities for which they were generated. Section 192.300 RSMo 1994. This authority does not apply to cities with populations of seventy-five thousand, or over, which have their own organized health departments. Section 192.310 RSMo 1994.

The issue is the nature of the Ordinance and whether it bears a reasonable relation to public health enhancement and disease prevention. We find *Readey v. St. Louis County Water Co.,* 352 S.W.2d 622 (Mo. banc 1961), helpful. Our Supreme Court upheld an ordinance as tending to enhance public health which directed St. Louis County Water Company to introduce and maintain fluoride in the water it provided to customers. *Id.* at 623. The parties disputed whether the overall public health benefits outweighed the overall harm to public health. *Id.* at 627. The court found substantial evidence to support a conclusion either way. *Id.* It found the county council reasonably could have found and concluded possible resulting diseases from dental decay were serious and fluoridation would effectively decrease disease. *Id.* It expressly held the county council had authority and power to enact an ordi-

nance county-wide which was intended to and which does tend to enhance the public health. *Id.*

Unlike the factual dispute in *Readey,* all evidence presented during debate prior to adoption of the Ordinance supports a finding the intent of the Ordinance was to reduce use of tobacco, as a known health hazard. A co-sponsor of the Ordinance stated the purpose of the Ordinance was reduction of tobacco related diseases and death by controlling use of tobacco by minors to prevent tobacco addiction. Many representatives from the medical community spoke about health risks of smoking. Evidence from Department of Health personnel in the form of surveys for the years 1991, 1993 and 1995 would support a finding teen smoking is on the rise. Tobacco industry groups and vendors, including one plaintiff-vendor, agreed minors should be prevented from smoking. This suggests the parties do not contest the fact that smoking of tobacco is a public health issue.

■ County has the power to protect its youth from access to a known health hazard such as tobacco use. Section 192.300 does not restrict the means or methods of public health laws. *Professional Houndsmen,* 836 S.W.2d at 21. Any reasonable method is lawful. *Id.* Preventing sales of tobacco to minors to reduce or prevent their use of such products bears a reasonable relation to reducing dangerous disease. Accordingly, we reject Vendors' contention and hold the Ordinance is authorized and enforceable against vendors in both unincorporated and incorporated St. Louis County.

The second issue is whether the Ordinance license fee violates the Hancock Amendment. Article X, Section 22(a) of the Missouri Constitution, the Hancock Amendment, prohibits political subdivisions from "levying any tax, license or fee ... without the approval of a required majority of the qualified voters ... voting thereon."

■ In its first argument, County argues the trial court erred as a matter of law when it denied its motion for summary judgment. The trial court's denial of County's motion for summary judgment is not an appealable order even where the order grants an ap-

pealable summary judgment to the other party. *Parker v. Wallace*, 431 S.W.2d 136, 137 (Mo.1968); *McCormack v. Maplewood–Richmond Heights*, 935 S.W.2d 703, 706 (Mo. App. E.D.1996).

Next, County argues the trial court erred as a matter of law when it granted Vendors' motion for summary judgment invalidating the license fees as a violation of the Hancock Amendment. It presents its position in three alternate arguments.

First, it argues the trial court erred when it applied the factors found in *Keller v. Marion County Ambulance Dist.*, 820 S.W.2d 301 (Mo. banc 1991), to invalidate the license fee. It contends the *Keller* factors are not applicable and "ill-fitted" in a regulatory license fee situation. *Keller* involved true user fees. It contends, license fees possess distinct attributes not shared by true user fees.

Second, it argues, notwithstanding the ill-fit, the trial court erred when it incorrectly applied the *Keller* factors. It contends a correct application would support the conclusion the license fees are not subject to the Hancock Amendment.

Finally, it argues the trial court erred when it failed to consider principles found in pre-Hancock license fee cases and relied exclusively on the *Keller* factors. It argues *Keller* does not foreclose use of non-*Keller* factors. It contends in situations where there is a license fee enacted to regulate health, safety and welfare, the court should consider pre-Hancock Amendment factors. It asks that we rely upon *Meyer v. St. Louis County*, 602 S.W.2d 728, 733–34 (Mo.App. 1980), for the definition of a tax. It contends license fees enacted to regulate the general safety, health and welfare do not fall under the *Meyer* definition of a tax.

■ *Keller* involved a challenge to an ambulance district's increase in fees charged for use of ambulance services. *Keller,* 820 S.W.2d at 302. The court applied the *Keller* factors and found the fee increase was a true user fee which did not require voter consent. *Id.* at 305. The court overruled its suggestion in *Roberts v. McNary*, 636 S.W.2d 332, 336 (Mo. banc 1982), that all revenue increases are subject to the Hancock Amendment.

*Id.* It concluded "that what is prohibited are fee increases that are taxes in everything but name." *Id.* Fee increases which are "general and special revenues," but not "taxes" are allowed. *Id.* at 303. In a footnote, the Court published five factors which it applied in its decision to uphold the fee increase. The footnote provides:

**10.** In order to determine whether a revenue increase by a local government is an increase in a "tax, license or fees" that requires voter approval under the Hancock Admendment, the following are critical:

1) *When is the fee paid?*—Fees subject to the Hancock Amendment are likely due to be paid on a periodic basis while fees not subject to the Hancock Amendment are likely due to be paid only on or after provision of a good or service to the individual paying the fee.

2) *Who pays the fee?*—A fee subject to the Hancock Amendment is likely to be blanket-billed to all or almost all of the residents of the political subdivision while a fee not subject to the Hancock Amendment is likely to be charged only to those who actually use the good or service for which the fee is charged.

3) *Is the amount of the fee to be paid affected by the level of goods or services provided to the fee payer?*—Fees subject to the Hancock Amendment are less likely to be dependent on the level of goods or services provided to the fee payer while fees not subject to the Hancock Amendment are likely to be dependent on the level of goods or services provided to the fee payer.

4) *Is the government providing a service or good?*—If the government is providing a good or a service, or permission to use government property, the fee is less likely to be subject to the Hancock Amendment. If there is no good or service being provided, or someone unconnected with the government is providing the good or service, then any charge required by and paid to a local government is probably subject to the Hancock Amendment.

5) *Has the activity historically and exclusively been provided by the govern-*

*ment ?*—If the government has historically and exclusively provided the good, service, permission or activity, the fee is likely subject to the Hancock Amendment. If the government has not historically and exclusively provided the good, service, permission or activity, then any charge is probably not subject to the Hancock Amendment.

Based on these criteria, property taxes, sales taxes, franchise taxes, and income taxes, among others, are subject to the Hancock Amendment. *See Wenzlaff v. Lawton,* 653 S.W.2d 215, 217 (Mo. banc 1983); *Goode v. Bond,* 652 S.W.2d 98 (Mo. banc 1983). The above criteria are helpful in examining charges denominated as something other than a tax. No specific criterion is independently controlling; but, rather, the criteria together determine whether the charge is closer to being a "true" user fee or a tax denominated as a fee.

(Emphasis added).

We refuse to accept County's invitation to reject the sufficiency or enlarge the *Keller* factor analysis. We previously rejected a non-Keller analysis. *Missouri Growth Assoc. v. Metropolitan St. Louis Sewer Dist.,* 941 S.W.2d 615, 625 (Mo.App. E.D.1997). Since *Keller,* there has not been a Hancock Amendment challenge to a license fee imposed to provide for inspections which has been decided on the merits. For our review to determine if the fee assessed here is a "tax" requiring voter approval, we look to the substance of the charges and disregard the label of the charges being assessed. *Id.* at 303.

■ We consider each *Keller* factor individually and weigh in favor of either the citizen or the political subdivision. *Missouri Growth Assoc.,* 941 S.W.2d at 624. Where an application of the *Keller* factors creates genuine doubt as to whether the charges constitute a "tax, license or fee" covered by the Hancock Amendment, we resolve the uncertainty in favor of requiring voter approval. *Beatty v. Metropolitan St. Louis Sewer Dist.,* 867 S.W.2d 217, 221 (Mo. banc 1993).

Here, the trial court reasoned:

[t]he Court believes the five prong test set out in *Keller* v. *Marion County Ambulance,* 820 S.W.2d 301 (Mo.banc 1991) is the most helpful, and persuasive. The Courts review, of the amendment ... keeping *Keller* in mind, finds that the fees enacted ... (1) are paid on a periodic basis; (2) are paid by all retainlrs [sic] of tobacco products; (3) the amount of fees is not affected by the delivery by the County of a good or service; (4) the County is not delivering a good or service, nor allowing the use of County property; and, (5) the prosecution of violations of criminal, or quasicriminal enactments is exclusively a governmental function. Consistent with the teaching of *Keller,* the County Council ... imposed a "...tax, license, or fee ..." ... for which a vote of the qualified voters of St. Louis County was required. As the parties stipulate no vote of the qualified voters of St. Louis County was had. The amendment ... was in derogation of Article X, section 22(a), Constitution of Missouri and is unconstitutional.

■ There is evidence to support the trial court's findings and conclusions in applying the *Keller* factors. All five factors weigh in favor of finding the fee is a tax subject to voter approval under the Hancock Amendment. The observation on the fifth factor, while accurate, could have been strengthened by noting that regulation for the public health is historically a governmental function. Thus, we hold the *Keller* analysis supports finding the license fees are within the Hancock Amendment subject to voter approval. Pre–Hancock cases require no different result.

■ The third issue is severability of unconstitutional Ordinance provisions. The trial court found the intent of County in enacting the Ordinance was to combat health problems of tobacco use by minors. It found the surviving provisions of the Ordinance prohibiting the sale to minors could accomplish this intent. However, it severed and enjoined from enforcement the following provisions: (1) section 602.361 which includes: (a) a requirement of a license to sell tobacco; (b) a requirement of annual license fees and rates; (c) license expiration dates and renew-

al dates; (d) a requirement of an application or renewal application in writing; and, (e) issuance of a license; (2) section 602.362 which provides procedures for suspension and revocation of licenses; (3) section 602.366.2 and .3 which provide for joint and vicarious responsibility of owners and their employees and/or agents; (4) section 602.367.3 which restricts distribution of free tobacco; (5) section 602.369 which provides for enforcement and a minimum of two random unannounced compliance checks; and, (6) section 602.370.4 and .7 which provide penalties for sales made to minors and notice to the director of the Department of imposed fines.

■ We previously adopted section 1.140 RSMo 1994 as the test for severability of an unconstitutional county ordinance provision. *St. Louis County v. Glore*, 715 S.W.2d 565, 568 (Mo.App.1986) (citing *Missouri Pacific Railroad Co. v. Morris*, 345 S.W.2d 52, 61 (Mo. banc 1961)). The test is:

> [T]he [ordinance] is valid, regardless of invalid provisions, unless the Court finds the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed [County] would have enacted the valid provisions without the void one; or unless the Court finds that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

*Id.*

We conclude the license fee is not so essentially and inseparably connected with the other substantive provisions in the Ordinance that the Ordinance would not accomplish its purposes if the license fee was eliminated. The fee provisions are fully severable. The savings clause evidences County's intent. It provides:

> SECTION 4. The sections, subsections, paragraphs, sentences and clauses enacted herein to amend Chapter 602, Title VI SLCRO 1974 as amended are each and every one of them severable, it being the purpose of this ordinance to comply in all respects with the Constitution and laws of the State of Missouri. If a court of competent jurisdiction shall adjudge to be invalid or unconstitutional any one or more of said sections, subsections, paragraphs, sentences or clauses, such judgment or decree shall not affect, impair, invalidate or nullify the remainder of this ordinance but shall be confined to the portions adjudged invalid or unconstitutional.

Accordingly, we hold the court erred in concluding any provisions of the Ordinance, except those for fees, were unconstitutional. The County may require a license to identify vendors; it may suspend or revoke a license; it may hold vendors responsible; it may restrict distribution of free tobacco; it may conduct compliance checks; and, punish violations. If the County desires the vendors to pay for governmental activities legislated in the ordinance, it must first obtain approval of the voters.

■ The final issue is whether the trial court erred when it ordered the parties to bear their own costs and attorneys' fees. We review for an abuse of discretion. *Roberts*, 636 S.W.2d at 338. An abuse of discretion occurs when the lack of an award is so arbitrarily arrived at, or is so unreasonable, that it indicates indifference and lack of proper judicial consideration. *Id.*

■ County argues that Vendors never presented motions for attorneys' fees to the trial court before judgment so this issue is not ripe for review. This position ignores the fact Vendors made a general request for attorneys' fees and costs in their petition. After the trial court's judgment, but within thirty days, Vendors filed a motion and an amended motion requesting the trial court amend its judgment to include attorneys' fees and costs.

■ "Section 23 of the Hancock Amendment provides if the suit [brought to enforce sections 16 through 22] is sustained, [the plaintiff] shall receive from the applicable unit of government his costs including reasonable attorneys' fees incurred in maintaining such suit." *Roberts*, 636 S.W.2d at 338 (alterations in original). The trial court is an expert on the question of attorneys' fees. *Id.* The court is acquainted with all the

issues involved and may fix the amount of attorneys' fees without the aid of evidence. *Id.* In the absence of contrary evidence, the trial court is presumed to know the character of the services rendered in duration, zeal and ability and to know the value of them according to custom, place, and circumstance. *Id.*

Vendors are entitled to reimbursement for all reasonable out-of-pocket expenses in successfully pursuing the Hancock Amendment litigation. The trial court did not explain its refusal to award attorneys' fees and costs. We are unable to conduct a meaningful review. The amendment requires fees and costs for a successful plaintiff. The absence of some award was an abuse of discretion. We reverse and remand for further proceedings on the issue of attorneys' fees and costs.

AHRENS, P.J. and CRANDALL, J., concur.