**John C. RISJORD, et al., Respondent,**

v.

**Jack A. LEWIS, Appellant.**

No. WD 55286.

Missouri Court of Appeals,
Western District.

Jan. 19, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 2, 1999.

Application to Transfer Denied
April 27, 1999.

John E. Turner, Kansas City, MO, Attorney for Respondent.

Brandom Brown, Kearney, MO, Attorney for Appellant.

Before Presiding Judge RIEDERER, Judge LOWENSTEIN and Judge LAURA DENVIR STITH.

LOWENSTEIN, Judge.

The matter central to this appeal is the question as to the legal relationship, vis-a-vis the division of the fee from a contingent fee contract, between attorneys from different offices who represented a client where the client has, with court approval, dismissed one of the attorneys prior to obtaining a settlement.

This appeal is taken by attorney Jack Lewis (Lewis) from a declaratory judgment filed by attorneys Risjord and James (Risjord). The trial judge ruled in favor of the respondent Risjord. The standard of review is under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and Rule 73.01.

An exploding tire rim left John Rousseau with catastrophic physical and mental injuries. Rousseau's wife was appointed the guardian of his estate in Christian County. Lewis was referred to Janice Rousseau by her brother-in-law. Lewis, who did not have a contract to represent Rousseau in the potential suit against the manufacturer, contacted Risjord to see if Risjord would act as lead counsel in prosecuting the case. While Lewis had little or no experience in trying this type of case, Risjord had handled many similar cases. They then met with the client and their agreement with the client called for a forty percent fee of gross proceeds after

expenses, and as between the attorneys, Lewis was to assist in the case and advance forty per cent of the expenses while sharing in forty percent of any fee.

Risjord filed suit on behalf of Mr. Rousseau's estate and for Ms. Rousseau's loss of consortium and then conducted discovery. Lewis failed to assist in the case and to advance his share of the expense money. Risjord brought in an expert to evaluate Mr. Rousseau's condition, get him better care, and to figure how much future life care would cost. The expert's bill was presented to Lewis, but he failed to pay his share. Ms. Rousseau became dissatisfied with Lewis' efforts and in December 1994, after a hearing, which Lewis did not attend, had him removed as attorney by the Christian County Probate Court. The probate court approved a forty percent contingent attorney contract with Risjord.

In September, 1995, Risjord took the Rousseau's case to trial in Jackson County and a week into trial, the case was settled. The circuit judge in Jackson County approved a settlement of $12,999,807, with attorney's fees of $5,160,813 plus expenses to Risjord. A year later an attorney representing Lewis wrote a letter to Risjord demanding a third of the fee or $1,600,000.

Risjord filed this case for declaratory relief. On the day of trial, Lewis filed a counterclaim which sought a "dissolution of partnership & accounting" and additionally sought punitive damages for constructive fraud. Lewis declares Risjord got to the client and "ran him off the case." At the trial of this case, Ms. Rousseau testified she asked the probate court to terminate the contract with Lewis, and did so without prompting from Risjord.

Lewis did not, and has not, made any claim or presented any evidence for quantum meruit. The trial court found for Risjord, determining no partnership existed between Lewis and Risjord and no fee was owed Lewis.

 Attorneys from different law firms are not prohibited from working together on a single case. In *Robert v. Davis*, 235 Mo. App. 974, 142 S.W.2d 1111, 1116 (Mo.App.

1940), the court stated that, "as regards the division of the fee," such a relationship "constitutes a joint adventure or special partnership between them." Such agreements are acceptable based only on a sharing of services or responsibility, and the agreement must provide "that the division of fees be based" upon the respective percentages of "services rendered or responsibility assumed" between the two parties. *McFarland v. George*, 316 S.W.2d 662, 669 (Mo.App. 1958). The *McFarland* court also stated that "it makes little difference by what name the association of the two lawyers is called, the agreement to associate must comply with Supreme Court Rule 4.34, 42 V.A.M.S ...," which states, "No division of fees for legal services is proper, except with another lawyer, based upon a division of service or responsibility." *Id.* at 669–670. Merely recommending another lawyer or referring a case to another lawyer, and failing to do anything further in the "handling of the case cannot be construed as performing service or discharging responsibility in the case." *Id.* at 670.

 Regardless of the existence of any special partnership, or agreement amongst the parties under some other name, if the client becomes dissatisfied with his attorney, he has the right to discharge the attorney subject to the attorney's right, under certain conditions, to be paid his fee. *Turpin v. Anderson*, 957 S.W.2d 421, 426 (Mo.App. 1997); *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d 53, 58 (Mo.1982); *International Materials Corp. v. Sun Corp.*, 824 S.W.2d 890, 894 (Mo.1992). However, the attorney's "right to compensation is always limited to the extent necessary to protect the client's freedom to change counsel." *Id.* In the case of contingent fee contracts, where the attorney fails to fulfill the terms of the contract, "contract recovery is not proper ... Once termination of the lawyer-client relationship has occurred before completion of a contingent fee contract, the lawyers' only recovery could be in quantum meruit for benefits conferred." *Id.* at 895. The reason for this is, "requiring payment of the contracted contingent fee regardless of the posture of the case at the time of discharge,

[would be] patently unfair to clients, particularly where the client truly has lost faith in the attorney." *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d at 58. "The economics of paying a discharged attorney the full contract price, and then hiring another attorney to continue his work, may be prohibitive. This danger is especially apparent in contingency fee situations, where "each" attorney may receive a large percentage of the client's final recovery." *Id.*

■ In Appellant's brief, he states that the Rousseaus' claims are "business" or an "enterprise for commercial profit," thus supporting the claim that this was somehow a partnership or joint venture. He further states, "the Rousseaus' claims are the assets of this association between Appellant and Respondents...." These conclusions are incorrect. As pointed out by the *International Materials* Court, "'The cause of action or claim which is the subject of the contract between lawyer and client is the property of the *client* and not the attorney'." 824 S.W.2d at 894 (emphasis added); see also *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d at 57.

■ In the case at bar, there is no special partnership between these attorneys requiring the sharing of the fees. Lewis was involved in some of the initial investigative work, but beyond that, did nothing in the advancement of the case. Like the trial court, this court finds that Appellant's argument that this was a partnership, defies both the facts and the law. One of the few tasks assigned to Lewis, was to have the client sign the contract which contained the names of all the attorneys representing the Rousseau's in this matter, and the agreements concerning the fees. Lewis didn't even have to draft the document himself, he was merely required to get the client's signature. Instead, Lewis used his own contract, which made no mention of Risjord and James, and which gave him permission to hire and fire any other attorney that he might want to bring into the case. The signed contract was a contingency contract with Lewis being the only named attorney, not a partnership agreement. Whatever initial understanding Lewis had with Risjord and James, is not enough to amount to a special partnership as far as fee splitting is concerned, when Lewis did not participate in the performing of services or discharging responsibility for the client, beyond the initial contacts. This is not to say that Lewis did not do anything beyond referring the case to Risjord, but even if he had not been discharged prior to the contingency, it is doubtful whether his participation would entitle him to 40 percent of the fees.

■ In some situations, agreements between attorneys to split fees for a sharing of the work are upheld. However, the client's right to discharge an attorney is greater than the attorney's claim of right to an interest in an agreement with another attorney. Once a client asserts his right to discharge an attorney, there is no longer a special partnership between the attorneys, and the discharged attorney is only entitled to fees as he would be entitled to absent the agreement.

The fact that the Rousseaus came to Lewis originally doesn't entitle him to a percent of fees that Risjord and James received for their *work*, which brought the case to a settlement agreement which was favorable to the client. The law is not a "mere money-getting trade ... members of the public who seek the services of an attorney cannot be treated by him as mere merchandise...." *McFarland v. George*, 316 S.W.2d at 670–671. If Lewis wanted a share of the fees, he should have done a share of the work. Fees are not owned, they are earned. However, Lewis did not do research, obtain medical records, or pay his share of the fees. The work he did do is not worth $1,600,000, but because he made no claim, or presented any evidence for quantum meruit, this court is unable to grant relief under that theory.

Because this court holds that there was no special partnership between the attorneys, the other two points on appeal need not be addressed. Under the scope of review, there was sufficient evidence to support the trial court's decision, and the decision was not against the weight of the evidence. Judgment affirmed.

All Concur.