**William LONDOFF,**
**Plaintiff/Appellant,**

v.

**Kenneth VUYLSTEKE and Charles Foehner, Defendants/Respondents.**

No. 74782.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 27, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 23, 1999.

Application for Transfer Denied
Aug. 24, 1999.

W. Morris Taylor, Gerald A. Sims, Jr., Clayton, for appellant.

James J. Logan, McMichael & Logan, Chesterfield, for respondent Kenneth Vuylsteke.

Charles E. Foehner, St. Louis, pro se.

**KATHIANNE KNAUP CRANE,**
Judge.

In this case plaintiff, who formerly was an attorney, sought to recover, under an oral fee splitting agreement, 50% of an attorney's fee from defendants after one of the defendants, an attorney, settled a lawsuit for $120,500.00. The trial court entered summary judgment in the settling attorney's favor on the grounds that the fee splitting agreement was unenforceable under the Rules of Professional Conduct because plaintiff did not allege or raise a fact issue that he performed services proportionate to the fee or assumed joint responsibility for the lawsuit in a written contract with the client. On its own motion the court dismissed the claim against the settling attorney's former partner on the grounds that plaintiff could not state a claim against him.

On appeal plaintiff claims the trial court erred in not granting his motion for summary judgment for an award of fees and in entering summary judgment against him on the grounds that Rule 4–1.5(e) of the Rules of Professional Conduct was a defense because the Rule was not a defense and was not pleaded as such and also on the grounds that the facts showed that he assumed joint responsibility under Rule 4–1.5(e). Plaintiff also claims that the trial court erred in dismissing his claim against the settling attorney's former partner because his petition stated a cause of action and the court dismissed the claim without giving plaintiff notice or an opportunity to be heard. We affirm.

## THE PLEADINGS

Because the appeal challenges the trial court's rulings on a motion to dismiss and a motion for summary judgment, we first examine the pleadings.

### The Petition

In his petition plaintiff, William Londoff, alleged that prior to November 18, 1987, he entered into a written contract with Synobia and Henry Gray (the clients) to represent them in a wrongful death suit arising out of the death of their daughter. He attached an undated form contract to the petition in which the clients agreed to pay Londoff 40% of any settlement obtained if a lawsuit was filed and authorized Londoff to associate additional counsel at no additional cost. Londoff further al-

leged that he referred the clients to defendants Kenneth Vuylsteke and Charles Foehner and agreed to evenly split the fees with them. He next alleged that defendants acknowledged the fee split in a letter dated November 18, 1987. In that letter Foehner advised one of the clients that he had recently learned that the clients had previously signed a contract with Londoff, that he would handle their case for the same fee that was set out in the Londoff contract, and that "Mr. Londoff and I will split the fee, or in other words, you will have no additional charge for me working on the file with Mr. Londoff."

Londoff also alleged that Vuylsteke and Foehner settled the case for $120,000.00 and that they breached their contract with him to split the fee by refusing to pay Londoff $24,000.00 of a $48,000.00 attorney's fee. Based on these allegations Londoff sought recovery under theories of breach of contract, unjust enrichment, and conversion.

*Foehner's Answer*

In his answer Foehner admitted only the referral and the agreement to split the fees, but alleged that he and Vuylsteke had dissolved their partnership, that Vuylsteke handled the Gray file, that Foehner had no part in handling the file, and that Foehner did not receive an attorney's fee. The court subsequently struck Foehner's answer as a discovery sanction.

*Vuylsteke's Answer and Motion*

Vuylsteke denied all of the allegations of the petition except that he was an attorney. He filed a motion to dismiss for failure to state a cause of action or, in the alternative, for summary judgment. He sought dismissal on the grounds that the petition failed to allege that Londoff assumed any responsibility in the representation of the clients as required by Rule 4–1.5(e)(1) of the Missouri Rules of Professional Conduct.

Vuylsteke sought summary judgment on the grounds that, under the undisputed facts, Londoff did no work on the clients' case and Vuylsteke did all of the work on the case. Specifically, in his motion Vuylsteke stated, with references to the record, that after referring the case to defendants, Londoff did not enter into any written agreement or commitment that he would do any specific work on the case, be jointly responsible for it, or take on any particular responsibility with respect to it. He stated that, after obtaining the contract, Londoff had no documentation of any work he did on the case or correspondence with the clients and no documentation of meeting with clients at any time after he referred the case to defendants. He further stated that Londoff never participated in any legal proceeding involving the case: he never entered his appearance as co-counsel, served an attorney's lien on the underlying defendant, participated in any pre-trial discovery, talked with opposing counsel, appeared in court to argue a motion, took part in filing interrogatories, motions to produce, or depositions, prepared for trial, or took part in any of the settlement negotiations.

Vuylsteke also stated that Londoff never spoke to him about the case, sent him a letter about splitting the fees, or advanced defendants any money for the investigation or preparation of the case. He stated that Londoff pleaded guilty to mail fraud on July 7, 1993 and was disbarred from the practice of law in January, 1994, and therefore was not licensed to practice law for a year and a half before the wrongful death case was settled.

Vuylsteke further stated that, from 1989 until the case was settled in April, 1995, he took responsibility for handling the case. He initially filed a lawsuit against several defendants in March, 1990 which he later dismissed and refiled against a single defendant in September, 1992. He performed extensive investigation and conducted all pre-trial discovery and all motions including successfully defending a motion for summary judgment; that he obtained a settlement in the amount of $120,500.00; and that he advanced between $3,000.00 and $4,000.00

for the investigation and preparation of the wrongful death case. He averred that he received no advice, legal assistance or financial assistance from Londoff.

*Londoff's Response to the Motion*

Londoff admitted that his petition did not allege that he assumed responsibility but asserted that he could state a cause of action for breach of contract and quantum meruit without reference to Rule 4–1.5(e)(1). He also referred to his deposition testimony that he had an oral agreement with the Foehner and Vuylsteke firm that he would be available to assist on referred cases if asked.

Londoff admitted all of the allegations in support of the motion for summary judgment except that he denied that he failed to investigate the case. He referred to his deposition testimony where he testified that he spent a few hours reviewing the facts and researching the law, that he talked to an investigator about the case, and that he had talked to Vuylsteke about his conversation with the investigator. He asserted that, under a longstanding arrangement he had with defendants, he was jointly responsible for any case he referred to them.

*Trial Court Judgment*

The trial court entered summary judgment in Vuylsteke's favor. The court found that the parties had an oral fee splitting arrangement whereby Londoff would transfer files to Foehner's office for further handling. The parties would agree to evenly split the fees and Londoff would provide work if and when needed.

Relying on *McFarland v. George*, 316 S.W.2d 662, 670 (Mo.App.1958), the trial court held that an agreement between lawyers to associate must comply with Rule 4–1.5(e). It found that the record indicated Londoff's service to the clients was "extremely minimal and disproportionate to the fee he now claims", that Londoff did not perform services proportionate to the fee claimed under the fee splitting agreement, and that he did not agree or act to assume joint responsibility for the case. The court further determined that the fee

splitting agreement as alleged in Londoff's petition was unenforceable as against public policy and in violation of Rule 4–1.5(e) of the Rules of Professional Conduct. In addition, on its own motion, the court dismissed the claims against Foehner with prejudice on the grounds that Londoff did not and could not state a claim against him.

## DISCUSSION

*I. Appeal From Judgment in Vuylsteke's Favor*

■ In his first point Londoff initially contends that the trial court erred in denying his motion for summary judgment against Vuylsteke for 50% of the fee because the uncontested facts showed that Londoff was entitled to recover one-half of the fee as a matter of law. The trial court's denial of Londoff's motion for summary judgment is not an appealable order even though the trial court entered summary judgment in Vuylsteke's favor. *Avanti Petroleum, Inc. v. St. Louis County*, 974 S.W.2d 506, 509 (Mo.App.1998); *McCormack v. Maplewood–Richmond Heights*, 935 S.W.2d 703, 706 (Mo.App. 1996); *State v. Sure–Way Transp., Inc.*, 884 S.W.2d 349, 351–52 (Mo.App.1994). This portion of point one is denied.

Londoff next claims that the trial court erred in "finding Vuylsteke established a defense by asserting Rule 4–1.5(e) of the Rules of Professional Conduct" because the rule is "unavailable as a shield to a civil action as a matter of law," because Vuylsteke failed to plead the rule as an affirmative defense, and because the trial court held that a violation of the rule was a *"per se* defense." The problem with this claim of error and argument is that the trial court did not hold that the rule was a defense, but held that Rule 4–1.5(e) regulates the conduct of attorneys, that the rule governs the enforceability of a fee splitting arrangement, and that to state a cause of action for violation of a fee splitting arrangement, the petition had to allege compliance with the rule. The trial

court simply did not make the ruling Londoff challenges and argues. Further, the cases Londoff cites in this section of the brief, which hold that the Rules of Professional Conduct do not expand the common law liability of a lawyer to a client, are not on point. This portion of point one is also denied.

Londoff last argues that facts adduced on the motion showed that he had assumed joint responsibility for the case as required by Rule 4–1.5 because, prior to associating with Foehner and Vuylsteke, he had reviewed the facts with the clients, researched the law, performed some investigation, spoke with Foehner, and discussed the investigation with Vuylsteke and an investigator. He argues that he would have been subject to a malpractice action if the case had been mishandled and would had been charged half of the costs had Vuylsteke remained partners with Foehner and had the Grays not recovered. This argument, too, misses the mark.

■ Agreements between attorneys from different law firms to divide a fee on a case are acceptable only if based on a sharing of services or responsibility. *Risjord v. Lewis*, 987 S.W.2d 403, 405 (Mo. App.1999); *McFarland*, 316 S.W.2d at 669. The agreement to associate must comply with Supreme Court Rule 4–1.5(e). *See Risjord*, 987 S.W.2d at 405; *McFarland*, 316 S.W.2d at 670 (construing predecessor Rule 4.34).[1]

Missouri Rule of Professional Conduct 4–1.5 provides as follows:

(e) A division of fee between lawyers who are not in the same firm may be made only if:

(1) the division is in proportion to the services performed by each lawyer or, by written agreement with the client,

each lawyer assumes joint responsibility for the representation;

(2) the client is advised of and does not object to the participation of all the lawyers involved; and

(3) the total fee is reasonable.

■ The rules of professional conduct have the force and effect of judicial decision. *In re Ellis*, 359 Mo. 231, 221 S.W.2d 139, 141 (1949). Accordingly, Rule 4–1.5 has the force and effect of law in Missouri. *See McFarland*, 316 S.W.2d at 670. "To merely recommend another lawyer or to refer a case to another lawyer and do nothing further in the handling of the case cannot be construed as performing service or discharging responsibility in the case. The service and responsibility referred to in the rule, before a lawyer is entitled to a division of the fees, must relate to an actual participation in or handling of the case." *Id.*

■ Rule 4–1.5(e) provides that a division of fee between lawyers who are not in the same firm may be made only if the division is in proportion to the services performed by each lawyer or if, by written agreement with the client, each lawyer assumes joint responsibility for the representation. Londoff does not contend that the fee he claims was proportional to the services he rendered or that he assumed joint responsibility in a written agreement with the client. He contends the facts show he was jointly responsible. However, the rule requires a written agreement with the client in which each lawyer assumes joint responsibility for representation. In this case there was no such written agreement. The facts that Londoff did a few hours of work on the case before he referred it to defendants and that he may thereafter have been liable for malpractice

---

1. Cases in other jurisdictions which have considered the enforceability of fee splitting agreements between two lawyers bound by the same code of ethical conduct also hold that compliance with the rule on fee splitting controls the enforceability of the fee splitting agreement. *See Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294 (7th Cir.1995); *Matter of P & E Boat Rentals, Inc.*, 928 F.2d 662 (5th Cir.1991); *Post v. Bregman*, 349 Md. 142, 707 A.2d 806 (1998); *Scolinos v. Kolts*, 37 Cal.App.4th 635, 44 Cal.Rptr.2d 31 (1995); *Matter of Estate of Katchatag*, 907 P.2d 458 (Alaska 1995); *Holstein v. Grossman*, 246 Ill. App.3d 719, 186 Ill.Dec. 592, 616 N.E.2d 1224 (1993); *Belli v. Shaw*, 98 Wash.2d 569, 657 P.2d 315 (1983).

damages or a portion of the costs do not satisfy the rule's requirement of a written contract. Further, a lawyer's liability is not the type of responsibility the rule is referring to:

> The primary meaning of "responsibility" as found in the dictionaries is the state of being answerable for an obligation. The term "responsibility" includes judgment, skill, ability and capacity. Legal responsibility is the state of one who is bound or obliged in law and justice *to do something.* In *Crockett v. Village of Barre,* 66 Vt. 269, 29 A. 147, the court said: "One's duty is what one is bound or under obligation to do. One's responsibility is its liability, obligation, bounden duty." The word "responsibility" as used in the rule means the doing of something. Any other meaning would render the rule meaningless. We agree with the statement of Henry S. Drinker, in his work, Legal Ethics, when discussing the rule at p. 186, where he said: "The service and responsibility must, to be effective, relate to the handling of the case." If the division of fees is to be placed on the basis of how much service or responsibility each contributed in connection with the legal services rendered in the case, obviously, the responsibility called for under the rule must be related to the legal services rendered in the actual handling of the case.

*McFarland,* 316 S.W.2d at 671 (internal citations omitted) (emphasis in original). This remaining portion of point one is denied.

II. *Appeal From Dismissal of Claim Against Foehner*

■ Londoff claims the motion court erred in dismissing, on its own motion, his claim against Foehner because his petition stated a claim against Foehner and because he was given no notice or opportunity to be heard. We will sustain a decision of the trial court to dismiss unless there is an abuse of discretion or an erroneous declaration or application of the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.

banc 1976); *Givens v. Highland Diversified, Inc.,* 850 S.W.2d 107 (Mo.App.1993).

We first address whether the petition stated a claim. The trial court held that because Londoff did not plead the essential elements of an enforceable fee-splitting agreement, that is, either a proportional division of labor or a written agreement with the client in which each lawyer assumed joint responsibility for the representation, the petition failed to state a claim. Londoff argues that Rule 4–1.5 cannot bar his claim against Foehner. We disagree.

■ Under Rule 4–1.5(e) the fee sharing arrangement was unenforceable as a matter of law. The rule has the force of law and sets out the requirements for an enforceable fee-splitting agreement. The fee splitting agreement must comply with Rule 4–1.5(e). *McFarland,* 316 S.W.2d at 670. Londoff's failure to plead entitlement to a fee based on a proportional division of services or a written agreement with the client to assume joint responsibility bars his claim for a portion of a fee. The trial court did not err in dismissing the petition against Foehner for failure to state a claim.

■ We next consider Londoff's contention that this dismissal should be reversed because Londoff was given no notice or opportunity to be heard. When a court dismisses a petition on its own motion, it must provide notice to the parties and an opportunity to be heard. *Around the World Importing v. Mercantile Trust Co.,* 771 S.W.2d 919, 921 (Mo.App.1989). A dismissal of a case without proper notice operates as a dismissal without prejudice to the party seeking reinstatement of the cause or filing a new case. *Matter of Buford,* 577 S.W.2d 809, 831 (Mo. banc 1979). Because Londoff was not given notice and an opportunity to be heard, the court's order dismissing Londoff's claims against Foehner should have been a dismissal without prejudice.

■ However, the fact that the dismissal should have been without prejudice does not compel reversal because Londoff

was not prejudiced. Whether the dismissal for failure to state a claim was with or without prejudice, Londoff was entitled to review on the merits.[2] Londoff has obtained review on the merits in this court. It is clear from this review that Londoff has no claim for relief on the fee splitting agreement. That the trial court mistakenly designated the dismissal as a dismissal with prejudice is harmless error.

The judgment of the trial court entering summary judgment in favor of Kenneth Vuylsteke and dismissing William Londoff's claim against defendant Charles Foehner is affirmed. Vuylsteke's motion to supplement the legal file is denied as moot and his motion for damages for frivolous appeal is denied.

PAUL J. SIMON, P.J. and
LAWRENCE E. MOONEY, J., concur.

**2.** A plaintiff can elect to stand on a dismissal without prejudice of a claim for failure to state a cause of action and appeal on the merits. *See Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991); *Hasemeier v. Smith*, 361 S.W.2d 697, 699 (Mo. banc 1962); *Meadows v. Jeffreys*, 929 S.W.2d 746, 752 (Mo.App.1996); *Nicholson v. Nicholson*, 685 S.W.2d 588, 589 (Mo.App.1985).