**In the Matter of the ESTATE OF Earl H. BLAICHER, Deceased.**

**Ralph H. Bunch and Gregory D. O'Shea, Appellants,**

v.

**Earl Michael Sutton, Mary Catherine Sutton, and Rita Marie Morrill, Respondents.**

**No. ED 76316.**

Missouri Court of Appeals, Eastern District, Division Five.

June 13, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 25, 2000.

Application for Transfer Denied Aug. 29, 2000.

as our finding on the first issue is dispositive. Appellant's Motion to Strike is dismissed as moot.

Sean P. O'Shea, St. Louis, for appellants.

Mitchell A. Margo, St. Louis, for respondents.

CHARLES B. BLACKMAR, Senior Judge.

Earl H. Blaicher died May 13, 1997, a resident of the City of St. Louis. He left an estate slightly in excess of $1,500,000, consisting primarily of stocks, bonds, and certificates of deposit.

His will was executed on September 23, 1996. The will was prepared by appellant Gregory D. O'Shea and included the following language:

> My personal representative shall engage the professional services of GREGORY D. O'SHEA, Attorney at Law, 779 Lemay Ferry Road, St. Louis, Missouri 63125, to assist in the administration of my estate. I further direct that my personal representative shall not be bound by any fee schedules for his reimbursement or the reimbursement of my attorney, and may charge such <u>reasonable amounts</u> as may be proper in the judgment of my personal representative. (Emphasis supplied)

The named personal representative was appellant Ralph Bunch, a long time friend of the decedent. So far as the record shows, Bunch and attorney Gregory O'Shea were not acquainted prior to the decedent's retaining O'Shea to draft wills for him. The will bequeathed the decedent's automobile and personal property to Bunch and $25,000 to a charity. The residue of the estate was left to the respondents, who are the decedent's stepsister and her two children. In earlier wills the decedent had included Bunch as a residuary legatee in addition to naming him personal representative.

Letters Testamentary were issued to Bunch, who proceeded with independent administration. An inventory was filed, showing a gross estate of $1,515,800, and a

CPA was retained to prepare the estate tax return. Bunch fixed his fee and that of O'Shea at $151,800 each, this figure being 10% of the gross estate. These fees were taken in November of 1997 and January of 1998. The fees were not submitted to the probate division for approval, and no notice was given to the beneficiaries at the time the fees were fixed and paid. The minimum statutory fee for an estate of this size prescribed by section 473.153 RSMo 1994[1] is $37,059.

The respondent legatees did not learn of the fixing and payment of these fees until January of 1998, when they received a draft of the estate tax return prepared by the CPA. They objected to the fees and retained counsel in St. Louis. Bunch and O'Shea then filed a suit to construe the will, asking the court to hold that the fixing of the fees was a matter within the sole discretion of the personal representative.

The trial court held that, by proper construction, the will clause relating to compensation permitted the personal representative to fix only fees that were "reasonable and proper," and that the fees as so fixed were subject to court review at the instance of the legatees. It went on to find that the estate was not difficult to administer, and that the statutory fees were adequate. The judgment limited the compensation of the appellants to the statutory fees. Bunch's request for fees for the expense of maintaining the construction suit was denied on the ground that he did not file the suit to benefit the estate, but rather sought to protect his interest in his fee. The court, although finding that the actions of the appellants regarding fees were improper, denied respondents' requests to remove Bunch as personal representative, but directed that the balance of the administration proceed under court supervision in accordance with section 473.833. Costs were assessed against appellant Bunch.

Bunch and O'Shea appeal from the judgment. We affirm.[2]

■ The appellants argue that the language of the will is clear, and that it makes Bunch the sole judge of the reasonableness of the fees he fixes. The trial court rejected this contention, pointing to the words "reasonable" and "proper" and holding that the personal representative's exercise of discretion was subject to review by the court. Questions of construction of a written instrument are questions of law, subject to plenary review on appeal, but we conclude that the trial judge's interpretation was legally correct. The cases cited by appellants to the effect that the courts are bound to carry out the intentions of the testator as demonstrated by the language of the will do not help them, because the language of the will clearly expresses the intention that only reasonable and proper fees be charged.

■ The appellants next argue that the will provides for the method of compensating the personal representative and his attorney and that, pursuant to section 473.153, the court is bound to apply this method. What has been said earlier applies here also. The will does not specify the amount of compensation, nor does it provide a formula by means of which the compensation can be determined. The court, therefore, had the duty of determining whether the personal representative's determination of compensation for himself and his attorney was reasonable, matters as to which the courts possess expert knowledge. *Avanti Petroleum, Inc. v. St. Louis County*, 974 S.W.2d 506, 512–13 (Mo.App.1998). We take notice that the administration of a seven-figure estate, mostly consisting of "paper" and with no

---

**1.** All further statutory references are to RSMo 1994 unless otherwise indicated.

**2.** Appellants move to "dismiss" the respondents' brief because it does not contain "points relied on." The motion is overruled. A respondent is not obliged to raise affirmative points, but may simply seek to converse the points set out by the appealing parties.

complications, is considered a prime piece of legal business both for the personal representative and for his attorney, and that the statutory fee is usually considered to be highly remunerative.

Rule 4–1.5(a), providing that "a lawyer's fees shall be reasonable," gives further support to our judgment of affirmance on O'Shea's appeal. The court would be justified in giving no credit whatsoever to his time sheets as justification for enhanced compensation, because of the apparent misleading entries.[3] By claiming deductions of their fees from the federal estate tax return as expenses of administration, the appellants concede that the fees represent charges for services rendered and not in any sense bequests.

■ Appellant Bunch complains of the trial court's denial of reimbursement for his attorneys' fees in the trial of the suit for construction. The trial judge pointed out that the action was not brought to benefit the estate, but rather to defend the fees fixed and paid by the personal representative. This circumstance distinguishes the present case from such cases as *Bernheimer v. First National Bank of Kansas City*, 359 Mo. 1119, 225 S.W.2d 745 (banc 1950). The court could also take into account the instances of distinctly inequitable behavior on the part of the appellants, such as their failure to seek court approval for fees in which they had a distinct conflict of interest with the beneficiaries, and failure to notify the legatees of the fixing and payment of the fees.[4] We sense no error in failure to allow the fees for this action.

The appellants, finally, complain that the trial court cited in support of its judgment the case of *In re Mason*, 203 S.W.2d 750 (Mo.App.1947), construing a provision of the probate code which has since been repealed. The trial court's decision is amply supported by the general body of law, as this opinion demonstrates. *Mason* is not necessary to support the judgment.

The judgment is affirmed. Costs are taxed against appellant Bunch.

MARY RHODES RUSSELL, C.J., and LAWRENCE G. CRAHAN, J., concur.

---

**3.** O'Shea's time records, for example, list 17 conferences with the accountant, whereas the accountant detailed and billed only for one meeting of 1 hour and 15 minutes and one telephone conference. There are other suspicious entries.

**4.** O'Shea's letter of August 14, 1997, responding to Mary C. Sutton's inquiry about fees, might be considered misleading in advising her of the minimum statutory fee and then declining to furnish other information without the consent of the personal representative.