**In the Matter of Deborah Ann Thurmon WISELY, Deceased.**

No. 54658.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 27, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1989.

Edward Joseph Griesedieck, III, and Elizabeth A. Koplar, Clayton, for appellant.

Steven Mark Davis, Arnold, James W. Whitney, Jr., St. Louis, for respondent.

CRANDALL, Presiding Judge.

David Meintrup appeals from the order of the trial court denying his claim against decedent's estate because the claim was barred by the nonclaims statute, § 473.360, RSMo (1986). The issue raised is whether a judgment creditor's claim is barred for failing to comply with the six-month filing limitation prescribed by § 473.360. We affirm.

Meintrup's marriage to Deborah Ann Thurman Wisely (decedent) was dissolved by a court decree on October 15, 1984. A separation agreement, signed by both parties, was incorporated into the decree of dissolution. The division of the marital home, the major asset of the decedent's estate, was set out in the separation agreement. Meintrup was granted the right of sole possession of the home until April 15, 1985. One of the provisions of the settlement agreement specified that Meintrup would be reimbursed, for his expenditures for repairs and improvements to the home, at the time the home was subsequently sold. Any proceeds of the sale, after certain other deductions, were to be divided equally between the parties.

On May 6, 1985, decedent committed suicide. Administration of decedent's estate commenced in the probate court, and letters of administration were published December 23, 1985. On October 29, 1987, an agreement was reached between Meintrup and the estate for the purchase of the home. Meintrup paid $12,145.43 into the probate court representing the liquidation of decedent's share in the property.

Meintrup filed a claim against decedent's estate on January 26, 1988, for $15,962.73. That amount includes money for repairs and improvements made to the home as well as all other amounts claimed by Meintrup by virtue of the separation agreement. The personal representative of decedent's estate consented to payment of Meintrup's claim on January 24, 1988. The probate court allowed the claim on January 28, 1988. However, on March 28, 1988, following a hearing on the claim, the same court declared its previous order void *ab initio* because Meintrup's claim was not filed within the nonclaims period provided for in the probate code. Meintrup appeals from the denial of his claim.

Meintrup argues, in his sole point on appeal, that a claim against an estate based on a judgment rendered prior to decedent's death is specifically exempted from the six month nonclaims period set forth in § 473.360. Here, the judgment arises out of the decree of dissolution of the marriage of Meintrup and decedent. Section 511.-360, RSMo (1986) states that a judgment lien continues for three years from the rendition of the judgment and can be revived. Meintrup contends that § 511.360 and § 473.360 would conflict if the six-month limitation applied to judgments in existence at the time of decedent's death. He further argues that requiring judgment

creditors to file within the statutory six-month period would be unduly burdensome.

The nonclaims statute, § 473.360 provides in pertinent part:

Limitation on filing of claims—when claims barred 1. Except as provided in Section 473.370, all claims against the estate of a deceased person, ... which are not filed in the probate division, or are not paid by the personal representative, within six months after the first published notice of letters testamentary or of administration are forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent....

Section 473.370, RSMo (1986) sets forth the proper procedure to establish a claim against an estate when the claim involves a judgment rendered prior to the decedent's death. The section provides:

473.370. Establishment of claim by judgment—judgment deemed filed, when.—1. A person having a claim against an estate may establish the same by the judgment or decree of some court of record, in the ordinary course of proceeding, upon filing a copy of the judgment or decree in the probate division. 2. Except where notice of revival of an action or of institution of an action is filed as required by Section 473.363 or 473.367, any judgment or decree is deemed filed within the meaning of Section 473.360 as of the time a copy of the judgment or decree is filed in the probate division as required by this section.

The clear import of the language of § 473.370 is that the six-month time limitation set forth in § 473.360 is tolled by the act of filing a copy of the judgment or decree with the probate court. Nothing in § 473.370 suggests that a judgment creditor is exempted from the six-month nonclaims period prescribed by § 473.360.

Meintrup argues that because he is a judgment creditor, having a lien against decedent's real property prior to her death, § 511.360 provides him with three years to execute on that judgment. While § 511.360 is the general statutory section applicable to judgment creditors during the judgment debtor's lifetime, § 473.360 is the statutory section applicable to a judgment following a debtor's death. Section 473.360 specifically limits the period within which a judgment against a deceased person may be enforced. Section 473.360 is the controlling section in this case. *See State Ex Rel. Jackson City v. Public Service Commission*, 532 S.W.2d 20, 27 (Mo. banc 1975).

Our construction is consistent with Missouri case law. The public purpose behind the nonclaims statute is to terminate all claims and promote the prompt settlement of estates. *Orphant v. Orphan*, 622 S.W. 2d 1, 3 (Mo.App.1981). Although a judgment survives a judgment debtor's death, satisfaction of that judgment from the assets of the estate is controlled by the nonclaims statute. *Id.* The judgment creditor must present his claim within six months after the first published notice of letters of administration.

We do not address Meintrup's contention that it would be unduly burdensome to apply the restrictions of § 473.360 to judgment creditors. Because Meintrup admits that he had personal knowledge that his ex-wife's estate was being probated, he was not burdened.

In this case, the letters of administration of decedent's estate were first published on December 28, 1985. Meintrup did not file a copy of his judgment in probate court until January 26, 1988. Meintrup failed to comply with the six-month deadline for filing a claim and, therefore, his claim is barred.

The order of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.