Dawn YOUNG, Terry Young, and Mary Beth Young, his wife, Plaintiffs–Appellants,

v.

Donald PERKINS and William Shay, Director of the U.S.D.A. Rural Development, Defendants–Respondents.

Dawn Young, Terry Young, and Mary Beth Young, his wife, Plaintiffs–Appellants,

v.

Lee Davis, Defendant–Respondent,

and

Bobby Brewer, Defendant/Third–Party Plaintiff–Respondent,

v.

William Frank Watson, III, Third–Party Defendant-Respondent.

Nos. 22521, 22575.

Missouri Court of Appeals, Southern District, Division Two.

June 30, 1999.

Don M. Henry, Henry, Henry, Henry, Engelbrecht & Williams, P.C., West Plains, for Appellants.

David G. Neal, Neal Law Firm, Eminence, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

This consolidated appeal involves judgments entered by the circuit courts of Shannon and Oregon counties. In 1985 the Circuit Court of Oregon County entered a judgment on a jury verdict against Lee Davis ("Ms.Davis") in favor of Dawn Young ("Dawn") for $65,000, and in favor of her parents, Terry and Mary Beth Young, in the amount of $16,000. Thereafter, Ms. Davis's liability carrier paid $33,000, which was credited on Dawn's

judgment. In 1991 the Circuit Court of Oregon County revived the judgment on the motion of Dawn and her parents (collectively referred to as "Appellants"). In response to a second motion to revive the judgment filed by Appellants in 1998, the court issued an order to Ms. Davis to show cause why the motion should not be sustained. When the show cause order was returned "non-est," it was learned that Ms. Davis had died in June 1996.

The record on appeal indicates that Donald Perkins ("Mr.Perkins") married Ms. Davis (hereinafter "Mrs. Perkins") in 1988, and that eighteen days prior to her death in 1996, she signed a quit claim deed conveying real estate that she owned prior to her marriage to she and Mr. Perkins as tenants by the entirety. No probate estate was opened for Mrs. Perkins.

Appellants filed a two-count petition in the Circuit Court of Shannon County against Mr. Perkins seeking to have the conveyance from Mrs. Perkins set aside on the theory that it was fraudulently made for the purpose of defeating their rights as creditors, or it was ineffective because it was an invalid testamentary disposition. The trial court sustained Mr. Perkins's motion to dismiss. In doing so, the court referred to Sections 473.370 and 473.444, RSMo 1994.[1] After being permitted to do so, Appellants filed an amended petition in which they realleged the original two counts and added a third count for damages on a theory of civil conspiracy. Mr. Perkins again filed a motion to dismiss noting that the first two counts were essentially the same as those dismissed by the trial court earlier, and the trial court

entered a judgment again dismissing those two counts. In doing so, the court found, pursuant to Rule 74.01(b),[2] that there was no just reason for delay, and designated the judgment as final for purposes of appeal. Appellants appeal that judgment in Case No. 22521.

Appellants also caused the Circuit Court of Oregon County to serve Mr. Perkins with an order to show cause why the judgment against his late wife should not be revived. The parties stipulated that Mrs. Perkins had no heirs other than Mr. Perkins, her surviving spouse. The court denied Appellants' motion to revive the judgment. Appellants appeal that judgment of denial in Case No. 22575.

■ Appellants' first point on appeal is that the Shannon County Circuit Court erred in dismissing the first two counts of their amended petition. They argue that because the real estate became the property of Mr. Perkins upon his wife's death, and she had no estate to be probated, the probate court had no jurisdiction over the real estate and their only remedy was "by a suit in equity to enforce the lien upon the real estate as they [had] no remedy at law."

Condensed, Count I of the amended petition alleged the existence of the judgment; the quit claim deed conveying the property from Mrs. Perkins to she and Mr. Perkins as tenants by the entirety; that the quit claim deed "was made for the purpose of defrauding [Appellants] as creditors of [Mrs. Perkins]"; that no probate estate was opened for Mrs. Perkins

1. Section 473.370, RSMo 1994, provides in part that a person with a claim against an estate may establish that claim by filing a copy of a judgment or decree in the probate division of the circuit court. Section 473.444, RSMo 1994, provides that all claims against an estate of a deceased person, with exceptions not applicable here, which are not filed in the probate division, or are not paid by the personal representative, shall become unenforceable and shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent

one year following the date of death "whether or not administration of the decedent's estate is had or commenced within such one-year period and whether or not during such period a claimant has been given any notice, actual or constructive, of the decedent's death or of the need to file a claim in any court."

2. All rule references are to Missouri Rules of Civil Procedure (1999) unless otherwise indicated.

following her death; that because more than one year had elapsed since Mrs. Perkins's death and any estate she might have had could no longer be admitted to probate, Appellants were without an adequate remedy at law by which to enforce their judgment against the property or assets owned by Mrs. Perkins at the time of her death. Appellants prayed for a judgment setting the quit claim deed aside and ordering Mr. Perkins to pay the outstanding judgments or, in the alternative, to order the property sold.

Appellants alleged in Count II that Mrs. Perkins intended to make a gift of the real estate by executing the quit claim deed because it was without consideration; that at the time of the deed she was in poor health and made it in contemplation of death; that the deed was ineffectual as a gift in contemplation of death because she did not part with possession, dominion or control of the property; and that the deed was ineffectual as a testamentary disposition because it was not executed with the requirements of a will. Count II prayed for the same relief as Count I.

The trial court sustained the motion to dismiss Counts I and II of the amended petition for the same reasons that it sustained the earlier motion attacking Counts I and II of the original petition. It concluded that any claim Appellants had against Mrs. Perkins had to be satisfied through her probate estate and, because no probate estate was opened and the time had expired within which to do so, setting the quit claim deed aside would not create any further available remedy.

Section 473.020, RSMo Cum.Supp.1996, provides that if no application for letters is filed by a person entitled thereto within twenty days after the death, "any interested person" may apply for letters. Pursuant to Section 472.010, RSMo 1994, a "creditor" is an interested person. Appellants, therefore, could have opened a probate estate for Mrs. Perkins when other authorized persons failed to do so. A petition for the issuance of letters, however, must be filed within one year after the date of death. Section 473.020.2. Section 473.444 provides that any claims against an estate of a deceased person are unenforceable and forever barred against the estate one year following the death.

A claim against an estate based on a judgment may be established by filing a copy of the judgment with the probate court, pursuant to Section 473.370. *Matter of Wisely*, 763 S.W.2d 691, 693 (Mo. App. E.D.1988). The requirement of the nonclaims statute, Section 473.360, RSMo 1994, that a claim be filed within six months after the first published notice of letters applies to claims based on a judgment entered before the decedent's death. *Id.* While a judgment survives the judgment debtor's death, satisfaction of that judgment from assets of the estate is controlled by the nonclaims statute. *Id.* Failure to timely file a judgment claim results in the claim being barred. *Hatfield v. McCluney*, 893 S.W.2d 822, 825 (Mo. banc 1995).

Appellants argue, however, that since Mrs. Perkins had no assets in her name at the time of her death, and no probate estate was opened for her, they are entitled to pursue a suit in equity to set aside the conveyance on the grounds alleged in their amended petition and to thereafter enforce their judgment against the real estate. They rely on *Grace v. Lee*, 227 Mo.App. 766, 57 S.W.2d 1095, 1096 (1933), for the proposition that the "administrator" of an estate may not question a conveyance of real estate during the decedent's lifetime, and the probate division of the circuit court has no jurisdiction over such real estate. That case also contains the following statement: "The estate being insolvent it was impossible to collect the judgment through administration and it was, therefore, held that plaintiff had no remedy at law and could only enforce the lien upon the land in the hand of a third person by a suit in equity." *Id.* at 1096–97. As pointed out by Mr. Perkins, however, that language is dicta in that the

court proceeded to acknowledge that those were not the circumstances in that case. *Id.*

Appellants also direct our attention to *Salia v. Pillman*, 49 S.W.2d 215 (Mo.App. St.L.1932), merely saying that it "is similar in a number of respects to the case at bar" without explaining how. As pointed out by the trial court, however, *Salia* involved different facts than the instant case because there the claimant participated in a conventional probate and claim process. In other words, in *Salia* the real estate in question had been an asset of a probate estate and had been sold, albeit fraudulently, pursuant to an order by the probate court.

Appellants argue, in essence, that opening an estate for Mrs. Perkins and filing a copy of the judgment would have been fruitless because there would have been no assets in the estate. As noted above, Appellants could have required the opening of a probate estate as a creditor (i.e., interested party). Section 473.340.1, RSMo 1994, provides that a personal representative, administrator, creditor, beneficiary or other person who claims an interest in property which is claimed to be an asset of an estate, or which is claimed should be an asset of the estate, may file a petition in the probate division of the circuit court where the estate is pending "seeking determination of the title, or right of possession" of said property. Section 473.340.3 provides that the court shall "determine the persons who have an interest in said property together with the nature and extent of any such interest" and shall direct the delivery or transfer of the title or possession of the property. This Court has acknowledged that Section 473.340 authorizes the probate division of the circuit court to try title to property which should be a part of the estate. *In re Estate of Lloyd*, 676 S.W.2d 889, 891 (Mo.App. S.D. 1984). It follows, therefore, that Appellants had an available remedy had they chosen to open a probate estate concerning Mrs. Perkins.

We are constrained to hold that Appellants were required to pursue collection of their judgment against Mrs. Perkins through the probate process, including claims that her quit claim deed should be set aside. The trial court did not err in dismissing Counts I and II of the amended petition. Appellants' first point is denied.

■ Appellants' second point on appeal is:

> The Circuit Court of Oregon County, Missouri erred in denying Appellants' motion for revival of the judgment lien for the reason that a judgment lien may be revived against the heirs of a deceased judgment debtor.

Rule 84.04(d)(1) requires that a point relied on (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. The following is the example given in the Rule concerning the review of a decision of the trial court:

> The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible. error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ].

Rule 84.04(d)(4) provides that "[a]bstract statements of law, standing alone, do not comply with this rule."

■ Appellants' second point wholly fails to satisfy the requirement of Rule 84.04(d)(1)(C) and constitutes an abstract statement of law. Accordingly, it preserves nothing for review. *DeCota Elec. & Indus. Supply, Inc. v. Continental Cas. Co.*, 886 S.W.2d 940, 941 (Mo.App. S.D. 1994). Notwithstanding deficiencies in points relied on, an appellate court may look to the argument section of the brief to determine whether the trial court committed plain error affecting substantial rights

that may have resulted in a manifest injustice or a miscarriage of justice. Rule 84.13(c); *Gill v. Farm Bureau Life Ins. Co. of Missouri*, 856 S.W.2d 96, 97 (Mo. App. S.D.1993). In the instant case, we have gratuitously reviewed Appellants' second point and find no plain error requiring relief.

On July 21, 1998, Appellants filed a "Motion for Revival of Judgment and Judgment Lien" reciting, among other things, that the judgment had been revived in 1991, and that they were seeking a "further revival because the lien of the Judgment [had] expired." [3] It is from the denial of that motion that the appeal in Case No. 22575 arose. Appellants cite *King v. Hayes*, 223 Mo.App. 138, 9 S.W.2d 538 (1928), for the proposition that a judgment may be revived by *scire facias* proceedings against the heirs of a deceased judgment debtor when creditors desire to maintain a lien on lands owned by the deceased. That case, however, dealt with the application of the predecessor to Section 511.550, RSMo 1994, which provides that where there are several defendants in a judgment or decree, some of whom die before the judgment is satisfied, the judgment or decree, "if concerning real estate, shall survive against his or their heirs or devisees, and execution may issue against any surviving defendant or defendants, or such judgment or decree may be revived against the heirs or devisees of any or all such deceased defendants by scire facias...." In the instant case, however, there was only one defendant to the judgment, and the judgment did not itself concern real estate.

Appellants also cite *Wolford v. Scarbrough*, 224 Mo.App. 137, 21 S.W.2d 777, 781 (1929), in which the court stated:

After the death of the judgment debtor satisfaction must be obtained by ancillary proceedings in the probate court, but it is still necessary to revive the lien of the judgment by proceedings in the circuit court. There is nothing inconsistent in pursuing both remedies simultaneously.

The *Wolford* case indicates that satisfaction of a judgment against a judgment debtor who has died must occur in the probate court. This is consistent with our holding in response to Appellants' first point. While there may be nothing inconsistent with also pursuing the revival of a judgment in circuit court, it is important to note that Appellants do not argue that the revival of the judgment and its lien was needed concerning anything other than the real estate in question. Likewise, as indicated in the discussion of Appellants' first point, the time for opening an estate for Mrs. Perkins and the time for making a claim had expired. Because Appellants do not argue the need for the lien of the judgment with reference to anything other than the real estate, the real estate was conveyed to Mrs. Perkins and her husband as tenants by the entirety, Mrs. Perkins died when there was no lien in existence, and the time for making a claim in probate based on the judgment had expired, we do not find the existence of plain error requiring relief. Appellants' second point is denied.

The judgments appealed from are affirmed.

SHRUM, P.J., and BARNEY, J., concur.

---

3. The judgment was revived on September 3, 1991; the quit claim deed was dated May 29, 1996; and Mrs. Perkins died on June 15, 1996. Pursuant to Section 511.360, RSMo 1994, the lien of a judgment continues for three years. Section 511.430, RSMo 1994, provides that upon revival of the judgment, the lien by reason thereof shall continue for another three years.