LAMAR ADVERTISING OF
MISSOURI, INC.,
Appellant,

v.

Mark McDONALD and Bruce
Elliott, Respondents.

No. 23236.

Missouri Court of Appeals,
Southern District,
Division Two.

June 20, 2000.

Clarence W. Hawk, Hawk and Associates, Osage Beach, for appellant.

Barbara Van Tine & John E. Curran, Curran and Clifford, Osage Beach, for respondent.

Before PREWITT, J., GARRISON, C.J., and BARNEY, J.

PER CURIAM.

Lamar Advertising of Missouri, Inc., ("Appellant"), appeals from the Circuit Court of Camden County's dismissal of its second amended petition in four counts against Mark McDonald and Bruce Elliott, (collectively "Respondents").

Appellant sets out its sole point as follows:

The trial court erred in dismissing Appellant's second amended petition because:

A. Count I for breach of fiduciary duty is an assignable cause of action and was properly assigned to Appellant; and

B. Count II for conversion is an assignable cause of action and way properly assigned to Appellant; and

C. Count III for tortious interference with a contract or valid business expectancy is an assignable cause of action and was properly assigned to Appellant; and

D. Count IV for misappropriation of trade secrets through breach of a confidential relationship is an assignable cause of action and was properly assigned to Appellant, and

E. All counts I through IV otherwise state a cause of action.

Appellant's point violates Rule 84.04(d)(1).[1] It is but a bald assertion of trial court error set out in five sub-paragraphs. "When an appellant makes the entire judgment one error and lists multiple grounds therefor, the result is that the point contains multiple legal issues." *Wheeler v. McDonnell Douglas Corp.*, 999 S.W.2d 279, 283 n. 2 (Mo.App.1999). "Separate issues should be stated in separate points relied on." *Id.* "A statement of a point relied on ... violates Rule 84.04 when it groups together multiple contentions not related to a single issue." *Wood v. Wood*, 2 S.W.3d 134, 139 (Mo.App.1999); *see also Thummel v. King*, 570 S.W.2d 679, 688 (Mo. banc 1978).

More importantly, we observe that "Rule 84.04(d)(1) requires that a point relied on (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Young v. Perkins*, 993 S.W.2d 590, 594 (Mo.App.1999). Appellant's point fails to satisfy the requirement of Rule 84.04(d)(1)(C) and constitutes an abstract statement of law, proscribed by Rule 84.04(d)(4). *In re Marriage of Ford*, 990 S.W.2d 698, 702 (Mo.App.1999). "Abstract statements of law, standing alone, do not comply with this rule." *Young*, 993 S.W.2d at 594. "The requirements of Rule 84.04(d) are mandatory." *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 217 (Mo.App. 1999). "Accordingly, [Appellant's point] preserves nothing for review." *Young*, 993 S.W.2d at 594.

We also observe that "[r]ule 84.04(c) provides that the statement of facts in an appellant's brief 'shall be a fair and concise statement of the facts relevant to the questions presented for determina-tion without argument.'" *Carroll*, 6 S.W.3d at 217. "An appellant has the duty to define the scope of the controversy by stating the facts fairly and concisely." *Id.* "The purpose of the statement of facts is to afford an immediate, accurate, complete, and unbiased understanding of the facts of the case." *Id.* Here, Appellant's statement of facts is two and one half pages long, comprised almost exclusively of an outline of the procedural history of the case. Only two paragraphs recite any evidentiary facts. "A statement of facts containing practically no facts relating to any issue raised on appeal does not comply with Rule 84.04(c)." *Id.* "A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient." *Angle v. Grant*, 997 S.W.2d 133, 134 (Mo.App.1999). "Failure to substantially comply with Rule 84.04(c) [also] preserves nothing for appellate review." *Carroll*, 6 S.W.3d at 217.

Our review is under plain error. Rule 84.13(c); *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 340 (Mo. banc 1998). It "is granted sparingly, and is reserved for those cases where there appears to have been a manifest injustice or miscarriage of justice. [Appellant] does not make the requisite showing entitling [it] to employ plain error review." *Osborne v. Osborne*, 978 S.W.2d 786, 791 (Mo.App.1998) (citation omitted).

The appeal is dismissed.

---

1. All rule references are to Missouri Court Rules (2000), unless otherwise noted.