**Gordon NEILSON, Plaintiff/Appellant,**

v.

**Mark T. McCLOSKEY and Mark T. McCloskey, P.C., Defendant/Respondents.**

**No. ED 86199.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 22, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 19, 2006.

Application for Transfer Denied
April 11, 2006.

Lawrence O. Willbrand, Lawrence O. Willbrand, P.C., St. Louis, MO, Thomas Ducey, Ducey & Associates, P.C., Belleville, IL, for appellant.

Mark T. McCloskey, McCloskey, P.C., Patricia N. McCloskey, (pro se), St. Louis, MO, for respondent.

KENNETH M. ROMINES, Judge.

This case involves the application of the Rules of Professional Conduct. The trial court granted Defendant–Respondents' Motion to Dismiss for failure to state a claim. We affirm.

The record before the trial court consists of several amended petitions and motions to dismiss. Stripped of the non-essential, Neilson alleges that he entered into an agreement with McCloskey that McCloskey would represent one of Neilson's clients in an automobile accident; that the representation would be joint; and, the fee would be evenly divided between counsel. Clear is the fact that a settlement was reached in the sum of two million five hundred thousand dollars ($2,500,000), of which one million dollars ($1,000,000) was attorney fees. Clear also are the facts that McCloskey sent Neilson a check for two hundred and twenty-five thousand dollars ($225,000)—Neilson re-

fused to negotiate the check—and stop payment was then made on the check. Neilson and McCloskey are not in the same firm.

Neilson filed suit alleging, *inter alia,* several tort theories. Neilson was granted leave to amend five times; on the sixth request to amend, the trial court granted McCloskey's Motion to Dismiss for failure to state a claim.

Our standard of review goes to whether the trial court abused its discretion. *Downey v. Mitchell,* 835 S.W.2d 554, 556 (Mo. App. E.D.1992).

Rule 4–1.5(e) states, in pertinent part:

(e) A division of fee between lawyers who are not in the same firm may be made only if:

(1) the division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation;

(2) the client is advised of and does not object to the participation of all the lawyers involved; and

(3) the total fee is reasonable.

The Comment to 4–1.5(e), as pertinent, states:

Paragraph (e) permits the lawyers to divide a fee on either the basis of the proportion of services they render or by agreement between the participating lawyers if all assume responsibility for the representation as a whole and the client is advised and does not object. It does not require disclosure to the client of the share that each lawyer is to receive. Joint responsibility for the representation entails the obligations stated in Rule 5.1 for purposes of the matter involved.

■ Neilson, after five tries, made no allegation that he was in the same firm with McCloskey, that the fee was to be divided in proportion to the efforts by each, or that there was a written agreement with the client that each attorney would assume joint responsibility.

None of the pleadings set out a claim that would be justiciable given the dictates of Rule 4–1.5(e). None of the pleadings set out a claim for quantum meruit. Neilson failed to state a claim. There was no abuse of discretion in the trial court dismissing this cause.

■ Attorney's fees "... are not owned, they are earned ...". If an attorney wants a share of the fee, he must perform an appropriate share of the legal services in the case. (*Risjord v. Lewis,* 987 S.W.2d 403, 406 (Mo.App. W.D.1999)). This requires actual participation in the handling of the case, or the assumption of a financial and ethical responsibility for the case. This fundamental requirement applies to attorneys seeking fees for legal services performed and to those claiming fees for assuming joint responsibility for representation in the case.

■ In sum, an agreement to share attorney fees that does not comply with Rule 4–1.5(e) is unenforceable. *Londoff v. Vuylsteke,* 996 S.W.2d 553, 557 (Mo.App. E.D.1999); *see also Risjord v. Lewis,* 987 S.W.2d 403, 404 (Mo.App. W.D.1999) and *McFarland v. George,* 316 S.W.2d 662, 670 (Mo.App.1958) (construing predecessor Rule 4.34).[1] Clearly the rules of professional conduct have the force and effect of judicial decision. *In re Ellis,* 359 Mo. 231, 221 S.W.2d 139, 141 (1949).

We on this Court are not so far removed from the real world not to know that in

---

1. We note that this body of law is well known to Neilson and his counsel. *See Dairyland* *Ins. v. Cobbs,* 8 S.W.3d 191 (Mo.App. E.D. 1999).

commerce between attorneys, attorneys must rely on the integrity of one another, and that promises made are to be promises kept. While difficult to reconcile the two hundred and twenty-five thousand dollar ($225,000) check to Neilson from McCloskey,[2] Rule 4–1.5(e) does not let us engage in the inquiry.

The Judgment is affirmed.

GARY M. GAERTNER, SR., P.J., and GEORGE W. DRAPER III, J., concur.

---

**2.** Callously explained in the McCloskey brief as follows: "What plaintiff fails to understand is that when a young lawyer offers an old lawyer a gratuity out of generous spirit, that gift if rejected, does not create a right." (Resp. Br. at 7.)