**LAW OFFICES OF GARY GREEN, P.C., Plaintiff–Appellant,**

v.

**Thomas G. MORRISSEY, Defendant–Respondent.**

No. 27599.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 29, 2006.

Rayma Church, Law Offices of Gary Green, P.C., Springfield, for appellant.

Thomas G. Morrissey, The Morrissey Law Firm, P.C., Springfield, for respondent.

PHILLIP R. GARRISON, Judge.

The Law Offices of Gary Green, P.C. ("Plaintiff") appeals the trial court's entry of a judgment of dismissal in its action against Thomas G. Morrissey ("Defen-

dant"). Plaintiff brings one point on appeal, alleging that the trial court erred in dismissing the petition, because it assumed the truth of allegations of a defense rather than the petition, and did not allow Plaintiff even a single opportunity to amend to allege sufficient facts so to proceed on the merits of its claims. We affirm.

Defendant is an attorney formerly employed by Plaintiff. On June 27, 2003, as a result of the separation of Plaintiff and Defendant, the parties entered into a "Settlement Agreement and Release" ("the Agreement"). The Agreement was executed "in an effort to allocate not only case files, but fees and expenses associated with those case files, between [ ] Plaintiff and [ ] Defendant." Later, in a letter dated January 24, 2005, Defendant informed Plaintiff that he would "no longer divide fees" pursuant to the Agreement. Defendant has not divided fees with Plaintiff since that date.

On December 12, 2005, Plaintiff filed a four-count petition[1] alleging under each count that it "is entitled to recover from [ ] Defendant, the amount of the converted funds as determined by the terms of [the Agreement]." On December 19, 2005, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 55.27(a)(6).[2] In Defendant's suggestions in support of that motion, he explained that Plaintiff failed to plead that the Agreement complied with Rule 4–1.5(e) of the Missouri Rules of Professional Conduct, governing the division of fees between lawyers from different firms. Plaintiff filed a response and suggestions in opposition to Defendant's motion to dismiss.

On December 22, 2005, after hearing arguments from both parties, the trial court sustained Defendant's motion, dismissing the case with prejudice.[3] Plaintiff then filed a motion for leave to amend its petition along with a proposed "First Amended Petition," which alleged the following additional facts:

> The terms of the Settlement Agreement of June 27, 2003, were that all Texas, Fen-phen and any other cases handled by Defendant with offers on the table while Defendant was still an employee of Plaintiff would result in a 50%/50% fee allocation between Plaintiff, and Defendant, regardless of settlement or trial. Defendant was to contact those particular Fen-phen clients about continuing his representation of them apart from his employment with Plaintiff. All remaining cases that originated [while Defendant was employed by Plaintiff], but were retained by Defendant were to result in a 40% fee to be paid to Plaintiff, regardless if they were disposed of in settlement or trial procedures.

Plaintiff's proposed amended petition further set out that, "[o]n all of the subject cases, [Plaintiff] had expended out of pocket money for costs and had devoted overhead and time toward prosecuting the cases."

On February 10, 2006, without providing specific grounds for its decision, the trial court entered a judgment of dismissal with prejudice. This appeal followed.[4]

---

1. Plaintiff's petition claimed a right to relief under the following theories: breach of contract, conversion, unjust enrichment and declaratory judgment.

2. All references to rules are to Missouri Rules of Civil Procedure (2005) and all statutory references are to RSMo (2000), unless otherwise indicated.

3. The December 22, 2005, dismissal, appearing as a docket entry, was not denominated as a judgment or decree.

4. We deny Defendant's motions to dismiss Plaintiff's appeal, and to strike Plaintiff's reply brief, which were taken with the case.

# 424 ■

■ In Plaintiff's sole point on appeal, it alleges the following:

> The trial court abused its discretion by entering a judgment of dismissal with prejudice because it assumed the truth of allegations of a defense rather than the petition, without allowing [P]laintiff even a single opportunity to amend to allege sufficient facts so to proceed on the merits of its claim.

This point is multifarious. When an appellant alleges error in the trial court's judgment, listing multiple grounds therefor, the result is a point that contains multiple legal issues. *Lamar Advertising of Missouri, Inc. v. McDonald*, 19 S.W.3d 743, 745 (Mo.App. S.D.2000). Separate issues must be set out in separate points relied on. *Id.* Where a point relied on groups together multiple contentions, not related to a single issue, it is in violation of Rule 84.04. *Id.*

We also note that Rule 84.04(d)(1) requires that each point relied on "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Plaintiff's point does not satisfy the requirement of Rule 84.04(d)(1)(C) and constitutes an abstract statement of law. *See Lamar Advertising of Missouri, Inc.*, 19 S.W.3d at 745. "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). Despite the deficiencies of Plaintiff's point, we will attempt to decipher the contentions made and respond to them, keeping in mind that we are to refrain from becoming an advocate for Plaintiff "by speculating on facts and arguments that have not been asserted." *Henson v. Henson*, 195 S.W.3d 479, 482 (Mo. App. S.D.2006).

■ Plaintiff's contention that the trial court erred in entering a judgment of dismissal with prejudice because it assumed the allegations of a defense rather than the petition, is not addressed in the argument portion of Plaintiff's brief, and is abandoned. *State v. Massey*, 156 S.W.3d 789, 790 (Mo.App. W.D.2005). Because the argument portion of Plaintiff's brief is dedicated solely to whether Plaintiff should have been granted leave to file its "First Amended Petition," we will restrict our review to that allegation of trial court error.

With respect to Plaintiff's right to file an amended petition in the face of a dismissal, Rule 67.06 provides as follows:

> On sustaining a motion to dismiss a claim, counter-claim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default.

■ As stated in *Moore v. Firstar Bank*, 96 S.W.3d 898, 903–04 (Mo.App. S.D.2003):

> Denial of leave to amend is within the sound discretion of the trial court, and its decision will not be disturbed unless there is a showing that such court palpably and obviously abused its discretion. Judicial discretion is abused when the court's ruling is clearly against the logic of the circumstances presented to the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration.

(internal citations and quotations omitted). The following factors are considered in determining whether to allow leave to amend a petition: (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) whether an amendment could cure the inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted. *Id.* at 904.

■ Plaintiff's argument on appeal does not delineate between the counts raised in its proposed amended petition, but sets out generically that the proposed amended petition alleged facts showing that the Agreement at issue is not prohibited by Rule 4–1.5(e). That rule provides as follows:

> A division of fee between lawyers who are not in the same firm may be made only if:
>
> (1) the division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation;
>
> (2) the client is advised of and does not object to the participation of all the lawyers involved; and
>
> (3) the total fee is reasonable.

"The rules of professional conduct have the force and effect of judicial decision. Accordingly, Rule 4–1.5 has the force and effect of law in Missouri." *Londoff v. Vuylsteke,* 996 S.W.2d 553, 557 (Mo.App. E.D.1999)(internal citations omitted).

"Agreements between attorneys from different law firms to divide a fee on a case are acceptable only if based on a sharing of services or responsibility." *Id.*

Our review of the law surrounding Rule 4–1.5(e) reveals that it has only been interpreted in instances where attorneys dividing a fee are in different firms at all times during the representation of a particular client. In this case, the Agreement seeks to apportion fees and expenses associated with cases originating during Defendant's employment with Plaintiff, but which continued after their separation. By its language, Rule 4–1.5(e) also applies to an agreement such as this, which seeks to divide fees between lawyers who at one time were in the same firm but have since separated.[5]

■ "[A]n agreement to share attorney fees that does not comply with Rule 4–1.5(e) is unenforceable." *Neilson v. McCloskey,* 186 S.W.3d 285, 287 (Mo.App. E.D.2005). Accordingly, to state a cause of action for violation of a fee splitting agreement, a plaintiff must plead facts in its petition showing that the agreement complies with Rule 4–1.5(e). *See Id.* (affirming trial court's dismissal of petition, where "[n]one of the pleadings set out a claim that would be justiciable given the dictates of Rule 4–1.5(e)").

■ While Plaintiff's proposed amended petition alleges that it had invested time and resources in the cases which it seeks a portion of fees, it still fails to allege facts showing that the Agreement complies with

---

**5.** We note that the Missouri Legal Ethics Counsel, in accordance with Rule 5.30(c), has issued two non-binding, informal advisory opinions consistent with our interpretation of Rule 4–1.5(e). *See* Mo. Legal Ethics Counsel, Informal Op. 20020003 (2002) (explaining that where partners in a firm had agreed that fees would be divided 50/50 between the firm and the leaving-lawyer, the arrangement must comply with the requirement that "by written agreement with the client, each lawyer assumes joint responsibility for the representation"); and Mo. Legal Ethics Counsel, Informal Op. 20000219 (2000) (explaining that, under Rule 4–1.5(e) a lawyer leaving a firm may divide fees only in proportion to the work performed on each case while the attorney was a member of the firm).

Rule 4–1.5(e).[6] The proposed amended petition fails to demonstrate either of the following: (1) that the fee division is in proportion to the services performed by each lawyer; or (2) that each lawyer assumed joint responsibility for the representation by written agreement with the client. Without alleging either scenario, Plaintiff's petition fails to state a cause of action for recovery on a fee splitting agreement. *Neilson*, 186 S.W.3d at 287.

> Attorney's fees ... are not owned, they are earned.... If an attorney wants a share of the fee, he must perform an appropriate share of the legal services in the case. This requires actual participation in the handling of the case, or the assumption of a financial and ethical responsibility for the case. This fundamental requirement applies to attorneys seeking fees for legal services performed and to those claiming fees for assuming joint responsibility for representation in the case.

*Id.* (internal citations and quotations omitted).

The trial court did not abuse its discretion in not allowing Plaintiff to amend its petition, because the proposed amendments do not cure the inadequacy of Plaintiff's original petition.

■ In the argument portion of its brief, Plaintiff further alleges that both its original petition and its proposed amended petition "contain[ ] a cause of action seeking an accounting and constructive trust of fees obtained which goes beyond the ambit of Rule 4–1.5[ (e) ]." However, Plaintiff has not raised this issue in a point relied on. "An appellate court need not consider issues raised in the argument portion of a brief that are not raised in the point relied on." *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 96 (Mo.App. W.D.2006). Furthermore, Plaintiff has not supported this proposition with authority or citation to the record. "An argument should show how the principles of law and the facts of the case interact." *Snyder v. Snyder*, 142 S.W.3d 780, 783 (Mo.App. E.D.2004). "When an appellant does not cite relevant authority in support of his position, we are justified in considering the point abandoned." *In re Marriage of Mahan*, 129 S.W.3d 874, 876 (Mo.App. E.D.2004).

■ Additionally, in its reply brief, Plaintiff argues that the trial court erred in entering a judgment of dismissal because Plaintiff has a property right pursuant to Section 484.130, which provides that an "attorney who appears for a party has a lien upon his client's cause of action ... which attaches to a ... judgment in his client's favor[.]" This argument was not properly raised in Plaintiff's initial brief.[7] The sole purpose of a reply brief is to rebut arguments raised in the respondent's brief, not to raise new points on appeal. *Pearman v. Department of Social*

---

**6.** We also note that the proposed amended petition, like the original one, failed to allege the amount of expenses incurred by Plaintiff with regard to the cases in issue.

**7.** In a memo to the court regarding Defendant's motion to strike Plaintiff's reply brief, Plaintiff quotes the following language from its initial brief:

> Assuming *arguendo*, that two lawyers well versed in a particular action are not capable of assessing a reasonable division of fees based upon their knowledge in advance of

resolution of the case, the relief requested would have at least provided [Plaintiff] a means for assuring [Defendant] was complying with the law in terms of his **statutory** and contractual attorney lien rights if only in terms of costs and expenses.

(emphasis supplied by Plaintiff's memo). This allegation was not raised in Plaintiff's point on appeal, nor does Plaintiff support this argument with legal authority. Therefore, for the aforementioned reasons, the allegation is not preserved for appellate review.

*Services,* 48 S.W.3d 54, 55 (Mo.App. W.D. 2001). Therefore, assignments of error set forth for the first time in an appellant's reply brief do not present issues for appellate review. *Id.* Plaintiff's point is denied.

The judgment of the trial court is affirmed.

BATES, C.J., and BARNEY, J., concur.