STATE of Missouri, Appellant,

v.

Joseph DICKSON, Respondent.

No. ED 90382.

Missouri Court of Appeals, Eastern District, Division Two.

May 6, 2008.

Wendy J. Corley, George L. Gundy, Lincoln County Assistant Prosecuting Attys, Troy, MO, for appellant.

Gary Grunick, Troy, MO, for respondent.

KURT S. ODENWALD, Judge.

### Introduction

Joseph Dickson (Defendant) was charged with the class C felony of possession of a controlled substance pursuant to Section 195.202 of the Missouri Revised Statutes (2000).[1] Prior to trial on the possession charge, Defendant filed a Motion to Suppress Evidence and Statements (Motion to Suppress) regarding items seized during the search of a motor vehicle and statements made subsequent to the search. The trial court granted Defendant's Motion to Suppress, and the State of Missouri (State) filed an interlocutory appeal, pursuant to Section 547.200.1(3), of the trial court's order. We affirm in part and reverse in part.

### Factual and Procedural Background

In his Motion to Suppress, Defendant requested that the trial court suppress the Alprozolam (the generic form of Xanax) seized from the motor vehicle because the deputy's search of the vehicle was conducted without a warrant, without probable cause, and outside the scope of any exception to the warrant requirement. Defendant further alleged that neither he nor anyone else granted consent for the search and seizure, the search and seizure were not incident to a lawful arrest, no evidence showed the Alprozolam had been used or was about to be used in any way upon which his criminal charge would arise, and the Alprozolam was not in plain view. Defendant alleged that he was questioned without being advised of his Miranda[2] rights and moved the trial court to suppress any statements allegedly made by him.

During a September 7, 2007 hearing on Defendant's Motion to Suppress, the Lincoln County Sheriff's Department deputy who conducted the search and seizure, Eric Christy (Deputy Christy), testified as follows.

On February 21, 2007, Deputy Christy was patrolling northbound on Highway KK, close to Keithley Road, when he noticed a green Dodge Caravan exiting Keithley Road. Because Keithley Road was known to Deputy Christy to be an area associated with narcotics, Deputy

---

1. All subsequent statutory citations are to RSMo (2000), unless otherwise indicated.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Christy ran the vehicle's license plates through Lincoln County Central Dispatch (Dispatch). Dispatch's search revealed an outstanding warrant attached to the vehicle's owner and driver, Danielle Piatt (Piatt). Based on that information, Deputy Christy stopped the vehicle.

After making contact with Piatt and Defendant, who was a passenger in the vehicle, Deputy Christy obtained Piatt's driver's license, proof of insurance, and Defendant's identification card. Deputy Christy performed a second records check on Piatt, which confirmed her outstanding warrants. A records check of the Defendant's identification revealed no outstanding warrants. Deputy Christy arrested Piatt and placed her in custody in the back of his patrol car. Deputy Christy then requested that the K–9 unit arrive at the scene to conduct a search of the vehicle incident to arrest. Although Deputy Christy did not recall if Defendant was placed in handcuffs at the scene, he testified that he normally cuffed individuals for the safety of the individual and the police officers, and that he probably handcuffed Defendant. Deputy Christy testified that he usually advises people in such situations that they are not under arrest but that he is placing them in handcuffs for safety reasons. Deputy Christy further testified that Defendant would have been free to leave the scene with the vehicle if the search "came up negative."

The K–9 unit arrived approximately twenty minutes later and searched the vehicle. Defendant stood close to the patrol car while the search was being conducted. The dog alerted the officers to a black coat located between the driver and passenger seats. The search of the right outer pock-

et of the coat revealed a marijuana cigarette and a scored tablet of Alprazolam. Deputy Christy then asked Defendant whose coat it was. In response, Defendant admitted ownership of the coat. No other identification regarding the ownership of the coat was presented to Deputy Christy. Deputy Christy advised Defendant of his *Miranda* rights after he seized the pill and marijuana, and after Defendant admitted the coat belonged to him. Defendant was arrested for possession of a controlled substance and transported to the Lincoln County Jail.

Subsequently, Defendant was charged with the class C felony of possession of a controlled substance. The charge related to the Defendant's possession of Alprazolam.

On October 9, 2007, the trial court granted Defendant's Motion to Suppress without making specific findings. This appeal is an interlocutory appeal by the State, pursuant to Section 547.200.1(3), from the granting of the Motion to Suppress.

### Point on Appeal

The State raises one point on appeal.[3] The State claims the trial court erred in sustaining Defendant's Motion "because the stop was legal when a records check revealed outstanding warrants for the owner, the deputy had reasonable suspicion to detain [Defendant] based on the arrest of the driver for outstanding warrants and the detention was lawful in that it lasted just under 20 minutes prior to the K–9 arriving." The State claims the trial court also erred in "sustaining [Defendant's] motion to suppress statements pri-

---

3. We note that the State's point is inartfully drafted and fails to comport with the requirements of Rule 84.04(d) of the Missouri Rules of Civil Procedure. The point on appeal actually contains two separate claims of error that should have been set out in two separate points. *See Law Offices of Gary Green, P.C. v. Morrissey,* 210 S.W.3d 421, 424 (Mo.App. S.D. 2006).

or to *Miranda* as the deputy was merely performing a preliminary investigation and as such *Miranda* did not apply."

## Standard of Review

A trial court's ruling on a motion to suppress will be reversed only if clearly erroneous. *State v. Granado,* 148 S.W.3d 309, 311 (Mo. banc 2004). This Court defers to the trial court's factual findings and determinations of credibility. *State v. Rousan,* 961 S.W.2d 831, 845 (Mo. banc 1998). In reviewing the evidence, the Court considers all evidence and reasonable inferences in the light most favorable to the trial court's ruling. *State v. Clemons,* 946 S.W.2d 206, 218 (Mo. banc 1997).

## Discussion

The State's sole point on appeal challenges the trial court's ruling suppressing both the controlled substance and Defendant's statements as one claim of error. The legal underpinnings and analysis of the State's claims relating to the motion to suppress evidence are separate and distinct from the State's claims relating to the motion to suppress Defendant's statements. Accordingly, we will review each of these issues separately. For purposes of our discussion, we first address the suppression of the evidence.

**Trial Court's Ruling to Suppress Evidence**

As we read the State's point, it alleges the trial court erred in suppressing the controlled substance found in the coat because Deputy Christy's investigative stop was legal, Deputy Christy had reasonable suspicion to detain Defendant based on the lawful arrest of Piatt, and the detention was of short duration. Based upon these arguments, the State is claiming that the search and seizure was legal because it was undertaken pursuant to an arrest of an occupant of the vehicle.

In the course of a suppression hearing, the State has the burden to produce evidence and bears the risk of nonpersuasion. *State v. Bradshaw,* 99 S.W.3d 73, 76 (Mo. App. E.D.2003). The State must show, by a preponderance of the evidence, that the motion to suppress should be denied. *Id.*

In determining whether a search and seizure were unreasonable, a court must determine "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* at 77, quoting *Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Although a routine traffic stop based upon the violation of state traffic laws is a justifiable seizure under the Fourth Amendment, *State v. Barks,* 128 S.W.3d 513, 516 (Mo. banc 2004), an investigative stop is justified under the Fourth Amendment only if the police have reasonable suspicion. *State v. Williams,* 978 S.W.2d 454, 458 (Mo.App. E.D.1998). Under the Fourth Amendment, an investigative stop is permitted when a law enforcement officer points to specific and articulable facts which, taken with rational inferences from those facts, create reasonable suspicion that criminal activity has occurred, even if the officer lacks probable cause. *Id.* As long as a police officer's actions are legally permitted and objectively authorized, the resulting stop or arrest is constitutional. *State v. Slavin,* 944 S.W.2d 314, 317 (Mo.App. W.D.1997).

Upon review of the record, we conclude Deputy Christy lawfully stopped Piatt's vehicle. Deputy Christy had reasonable suspicion to conduct an investigative stop after he ran the Dodge Caravan's license plates through Dispatch and discovered an outstanding warrant for its owner. The existence of an outstanding warrant provided Deputy Christy with specific and

articulable facts that supported the stop. After receiving Piatt's driver's license, Deputy Christy utilized the information from her license and requested a second records check, which again confirmed an outstanding warrant for Piatt's arrest.

■ While we agree with the State that Deputy Christy performed a lawful investigative stop, our analysis does not end there. Our finding that the investigative stop was lawful is not determinative of whether the trial court erred in granting Defendant's Motion to Suppress because we must still examine whether Deputy Christy's subsequent actions in searching the vehicle were reasonably related in scope to the circumstances justifying the stop.

■ An arrest pursuant to an outstanding warrant is constitutionally permissible. *State v. Stacy,* 121 S.W.3d 328, 333 (Mo.App. W.D.2003). A law enforcement officer who has made a lawful custodial arrest of the occupant of an automobile, may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile and may also examine the contents of any containers within the passenger compartment. *State v. Taylor,* 216 S.W.3d 187, 190 (Mo.App. 2007), citing *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). No reasonable suspicion is necessary to effectuate the search of the vehicle when the search is incident to arrest. *Bradshaw,* 99 S.W.3d at 78. Accordingly, the search of the automobile and the ensuing search of the coat, as searches incident to the lawful custodial arrest of Piatt, did not violate the Fourth or Fourteenth Amendments. We conclude that the evidence recovered from the coat was ob-

tained during a lawful search of Piatt's vehicle. The trial court erred in suppressing the scored tablet of Alprazolam because the tablet was seized pursuant to a lawful search.

## Trial Court's Ruling to Suppress Statements

■ Although we find the tablet of Alprazolam was seized lawfully pursuant to the search incident to Piatt's arrest, this finding does not end our query as to whether the trial court erred in granting Defendant's Motion to Suppress because the Motion to Suppress also requested that Defendant's statements be suppressed. *See Bradshaw,* 99 S.W.3d at 77. Significantly, the only evidence connecting the seized substance to Defendant was his admission that he owned the coat in which the substance was found. Thus, the question remaining is whether Defendant, at the time he was questioned as to the ownership of the coat, was subjected to custodial interrogation in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We find that Defendant was in custody at the time of his questioning, was entitled to the rights afforded under *Miranda,* and that his statement was properly suppressed by the trial court.[4]

The State claims the trial court erred in sustaining Defendant's Motion to Suppress as to the statements because Deputy Christy was merely asking a preliminary investigatory question when Defendant identified the coat as his. Consequently, the State argues *Miranda* did not apply.

■ The Fifth and Fourteenth Amendments to the United States Consti-

---

4. Whether Defendant's detention by Deputy Christy was lawful is itself an issue that we are not required to address. Because Defendant's statement is suppressed, we do not reach the constitutional issue of whether De-

fendant, a passenger in the vehicle, was lawfully detained by Deputy Christy as part of the search incident to the arrest of Piatt, the driver of the vehicle.

tution and the Missouri Constitution guarantee an individual's right against self-incrimination. The privilege against self-incrimination includes the requirement that the police warn those taken into custody that they have the right to remain silent. *State v. Werner,* 9 S.W.3d 590, 595 (Mo. banc 2000). Further, the United States Constitution requires that a warning as to the availability of the privilege against self-incrimination and to the assistance of counsel be issued prior to questioning whenever a suspect is interrogated or while in custody. *Miranda,* 384 U.S. at 444, 86 S.Ct. 1602. Statements obtained during custodial interrogation occurring prior to *Miranda* warnings cannot be used by the State. *State v. Wilson,* 169 S.W.3d 870, 877 (Mo.App. W.D.2005). Missouri defines "custodial interrogation" as questioning initiated by a law enforcement officer after taking an individual into custody or otherwise depriving the individual of his freedom of action in any significant manner. *State v. Glass,* 136 S.W.3d 496, 511 (Mo. banc 2004).

Custody occurs either upon formal arrest or under any other circumstances where the suspect is deprived of his freedom to act in any significant way. *Miranda,* 384 U.S. at 444, 86 S.Ct. 1602. In determining whether a suspect is in custody at a particular time, courts examine the extent of the restraints placed on the suspect during the interrogation in light of whether a reasonable person in the suspect's position would have understood the situation to be one of custody. *Werner,* 9 S.W.3d at 595, *citing Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

Custody is determined by analyzing the totality of the circumstances. *State v. Hill,* 247 S.W.3d 34, 46 (Mo.App. E.D.

2008). Our analysis begins with two discrete inquiries: 1) what were the circumstances surrounding the interrogation; and 2) given the circumstances, would a reasonable person have felt he was free to terminate the interrogation and leave. *Id.* at 46.

In the situation before us, the vehicle in which Defendant was a passenger was pulled over by Deputy Christy after he discovered an outstanding warrant attached to the vehicle's owner, Piatt. Deputy Christy then requested that both Piatt and Defendant relinquish their identification to him so that he could run records checks on both individuals. Piatt was subsequently arrested pursuant to the outstanding warrant and placed in Deputy Christy's patrol car. Defendant then was handcuffed by Deputy Christy.[5] When the search revealed the presence of the marijuana and pill in the coat, Deputy Christy questioned Defendant regarding the coat's ownership. After Defendant admitted it was his, Deputy Christy advised Defendant of his *Miranda* rights. Defendant was arrested at the scene.

Given the totality of these circumstances, and considering all evidence and reasonable inferences in the light most favorable to the trial court's ruling, we conclude Defendant would not have felt at liberty to terminate or leave the interrogation. Here, Defendant was physically restrained in handcuffs during the pendency of the search, and his companion Piatt had already been arrested. Despite Deputy Christy's testimony that he would advise individuals such as Defendant that they were being handcuffed only for safety reasons, we can think of few more persuasive examples of restricting an individual's freedom to depart than being handcuffed

**5.** As previously stated, we do not opine as to the lawfulness or constitutionality of this detention.

by a law enforcement officer. Furthermore, Deputy Christy testified that Defendant would have been free to leave with Piatt's vehicle *if the search had not indicated the presence of criminal activity.* A logical inference from this statement is that Defendant would not have been allowed to leave before the search was completed, and that Defendant was not free to leave once the search produced the controlled substance. These circumstances support our conclusion that Defendant was in custody at the time Deputy Christy questioned him regarding ownership of the coat.

Because the Defendant was in custody, Deputy Christy was required to give the required *Miranda* warning to Defendant before expressly questioning him. Deputy Christy did not. Here, the State failed its burden to prove by a preponderance of the evidence that Defendant's statements were admissible, either because Deputy Christy gave him the proper warning or because the *Miranda* warning was not required. *State v. Birmingham,* 132 S.W.3d 318, 323 (Mo.App. S.D.2004). Consequently, we conclude the trial court properly suppressed the statement because Defendant was not provided with a *Miranda* warning prior to a custodial interrogation.

The evidence presented before the trial court is void of any facts to support Defendant's possession of the physical evidence of the Alprazolam tablet except for Defendant's statement. *See, State v. Fields,* 181 S.W.3d 252, 255 (Mo.App. W.D.2006). While the Defendant's statement may be considered direct evidence of Defendant's possession of the controlled substance, we have already determined that Defendant's statement was properly suppressed. As a result, Defendant's statement may not be used to connect the Defendant to the controlled substance or to support the class C felony of possession of a controlled substance.

We find the trial court did not err in suppressing Defendant's statement.

### Conclusion

The portion of the trial court's order suppressing the controlled substance is reversed; the portion suppressing Defendant's statement is affirmed.

PATRICIA L. COHEN, C.J., Concur.

BOOKER T. SHAW, J., Concur.