Curtis MURPHY, Appellant,

v.

CITY UTILITIES OF SPRINGFIELD,
Missouri, et al., Respondents.

No. SD 28928.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 9, 2009.

Motion for Rehearing or Transfer Denied
Jan. 28, 2009.

---

D. Carlos Romious, Kansas City, for
Appellant.

JoAnne Spears Jackson and James E.
Meadows, Shughart, Thompson & Kilroy,
P.C., Springfield, for Respondent, CU
Springfield & CU Employees.

Donald R. Aubry, Jolley, Walsh, Raisher, Hurley & Aubry, P.C., Kansas City, for
Respondent, Amalgamated Transit Union,
AFL–CIO Local No. 691.

ROBERT S. BARNEY, Judge.

Curtis Murphy ("Appellant") appeals the "Final Judgment" of the trial court which dismissed with prejudice his Petition filed against the City of Springfield, Missouri ("the City"); Amalgamated Transit Union, AFL–CIO Local No. 691 ("ATU"); City Utilities of Springfield, Missouri ("CU"); and various individuals.[1] Appellant asserts five points of trial court error.

The record reveals Appellant was employed with CU from April of 1998 until he was terminated by CU on March 13, 2002. When his union's grievance process was unsuccessful, Appellant filed a federal lawsuit against CU, the City of Springfield, and others in the U.S. District Court for the Western District of Missouri ("the federal lawsuit"). On December 21, 2004, the district court granted summary judgment against Appellant in the federal lawsuit and that ruling was affirmed on appeal.

Shortly after the federal lawsuit was disposed of, Appellant initiated the present lawsuit on June 14, 2006. Appellant's expansive Petition, which was in excess of forty pages long and contained 215 numbered allegations, asserted fifteen separate counts against the defendants herein. On July 12, 2003, the City, CU and the individual CU employees filed a "Motion to Dismiss or, In the Alternative, for Summary Judgment" in relation to thirteen of Appellant's fifteen counts set out in the Petition and, later, they filed a motion to dismiss the remaining two counts. Appellant then filed a plethora of motions including a motion for summary judgment. Ultimately, the trial court ruled in favor of the defendants and dismissed all of Appellant's claims with prejudice.

On November 21, 2007, Appellant filed a "Motion to Reconsider and Set Aside Judgment" and, later, on November 29, 2007, he filed a "Motion to Amend Judgment." These motions were denied by the trial court. This appeal followed.

In the present matter Appellant's brief and the record on appeal violate the Missouri Court Rules[2] in numerous ways; however, it is the deficiency of his statement of facts which is the most egregious and warrants dismissal of this appeal.

Rule 84.04(c) provides that the statement of facts in an appellant's brief "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." "These requirements regarding the statement of facts section of an appellant's brief serve to define the scope of the controversy and afford the appellate court an immediate, accurate, complete, and unbiased understanding of the facts of the case." *Stickley v. Auto Credit, Inc.,* 53 S.W.3d 560, 562 (Mo.App.2001); *see Perkel v. Stringfellow,* 19 S.W.3d 141, 146 (Mo.App. 2000). It is the appellant's duty to craft the statement of facts such that it " 'define[s] the scope of the controversy by stating the facts fairly and concisely.' " *Lamar Ad. of Missouri, Inc. v. McDonald,* 19 S.W.3d 743, 745 (Mo.App.2000) (quoting *Carroll v. AAA Bail Bonds,* 6 S.W.3d 215, 217 (Mo.App.1999)). "Failure to conform the statement of facts to the requirements of Rule 84.04(c) constitutes grounds for dismissal." *Stickley,* 53 S.W.3d at 562.

Here, Appellant's statement of facts provides very little factual information about the matter at hand and, in fact,

---

1. The individuals named in the Petition were Jim Bingham; Joseph Gorski; Lisa Turner; William Olson; and Ronald Johnson ("the individual CU employees").

On appeal, the City, CU, and the individual CU employees filed a brief and ATU filed a separate brief.

2. All rule references are to Missouri Court Rules (2007).

the only evidentiary facts recited in the twelve page statement of facts relate to the length of Appellant's employment with CU and the roles of the parties in the lawsuit. Instead, Appellant's statement of facts focuses mostly on the protracted procedural history of the federal lawsuit and details the various arguments set out by Appellant during the assorted stages of that litigation. Appellant also includes pages detailing the motions filed before the trial court, the dates they were filed, and the subject matter of each pleading. There is very little set out in relation to the actual lawsuit and factual background from which this appeal was taken. " 'A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient.' " *Lamar*, 19 S.W.3d at 745 (quoting *Angle v. Grant*, 997 S.W.2d 133, 134 (Mo.App.1999)). Likewise, " '[a] statement of facts containing practically no facts relating to any issue raised on appeal does not comply with Rule 84.04(c).' " *Lamar*, 19 S.W.3d at 745 (quoting *Carroll*, 6 S.W.3d at 217); *see Stickley*, 53 S.W.3d at 562. It is our view that Appellant's statement of facts is inadequate, and fails to provide this Court with an understanding of any portion of this case.

Accordingly, Appellant's statement of facts is deficient in that it truly contains no facts which serve to " 'define the scope of the controversy ... fairly and concisely.' " *Lamar*, 19 S.W.3d at 745 (quoting *Carroll*, 6 S.W.3d at 217). Such a violation of Rule 84.04(c) warrants dismissal. *Stickley*, 53 S.W.3d at 562. Appeal dismissed.

BATES, J., and SCOTT, P.J., concur.